■ In the Matter of DAVID FOSTER, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, Respondent.—Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a deter-

mination of respondent which found petitioner guilty of violating a prison disciplinary rule.

"On July 26, 1988 petitioner, then an inmate of Great Meadow Correctional Facility in Washington County, was charged in a misbehavior report with assault and fighting in violation of prison disciplinary rules. The report was issued by a correction officer who had not personally witnessed the incident. Nevertheless, the report states:

"On 7/26/88 at approx 7:30 A.M. inmate [George] Bosque recieved *[sic]* a cut over his left eye. When interviewed [Bosque] stated that he had an arguement *[sic]* the night before with inmate [Barron] Sanders. While working feed up this morning he was approached by inmates Sanders, [petitioner] and White. Inmate Sanders had a weapon in one hand. Sanders grabbed Bosque by the belt area on the front of his pants. Bosque knocked Sanders' hand away. At this time [petitioner] attempted to grab inmate Bosque. Bosque pushed [petitioner] and inmate White away. While doing this inmate Bosque was cut by inmate Sanders."

At the hearing petitioner denied any involvement, but admitted that he "was in the feed up area", and the misbehavior report had indicated that the incident occurred while the victim was working on the feed up. Petitioner's request to call inmate Bosque as a witness was honored, but because of a potential "enemy situation" the Hearing Officer took Bosque's testimony outside petitioner's presence. Petitioner knew this and gave the Hearing Officer a list of questions to ask Bosque. Bosque testified that petitioner had not assaulted him and that he had "just tripped and hit [his] head against the floor on the table and [he] got this cut". He denied reporting the incident to a correction officer.

Petitioner was found guilty of both charges in reliance on the misbehavior report and the testimony of the victim, Bosque. A penalty of 90 days' keeplock and 90 days' loss of package, commissary and phone home privileges was imposed, in addition to the loss of a three-month good behavior allowance. After administrative affirmance, this CPLR article 78 proceeding ensued.

It is now firmly established that hearsay, if sufficiently relevant and probative, may constitute substantial evidence *(People ex rel. Vega v Smith,* 66 NY2d 130, 139). The details of the incident set forth in the misbehavior report, particularly in regard to the fact that the incident occurred at "feed up" and the victim's identification of petitioner, were sufficiently

detailed as to time and place and persons involved to satisfy the requirement of substantial evidence, even though the incident was not witnessed by the correction officer who authored the misbehavior report *(see, Matter of Colon v Coughlin,* 147 AD2d 802). A reasonable conclusion is that the details were supplied to the correction officer by the victim, Bosque. The witnessing of Bosque's injury was also probative. Petitioner never previously raised the issue that it was anyone other than Bosque who supplied the information contained in the misbehavior report. When Bosque later denied that he had been assaulted and stated that he sustained his injury in a fall, only an issue of credibility was presented as to whether Bosque had made the statements contained in the misbehavior report and subsequently changed his mind and his story *(see, Matter of De Torres v Coughlin,* 135 AD2d 1068, 1070, *lv denied* 72 NY2d 801). Accordingly, the determination should be confirmed.

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Casey, Weiss, Mercure and Harvey, JJ., concur.