■ In the Matter of RODNEY PALACIO, Petitioner, v STATE OF NEW YORK DEPARTMENT OF CORRECTIONAL SERVICES, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Clinton County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Contrary to petitioner's contention, hearsay misbehavior reports can constitute substantial evidence to support a deter-

mination of guilt as long as the evidence has sufficient relevance and probative value (see, Matter of Burgos v Coughlin, 108 AD2d 194, lv denied 66 NY2d 603). Here, while the incident was not witnessed by the correction officer who wrote the misbehavior report, the report sets forth the account of the incident and the victim's identification of petitioner as his assailant (see, Matter of De Torres v Coughlin, 135 AD2d 1068, lv denied 72 NY2d 801). The details of the incident set forth in the report were sufficiently specific as to time and place and persons involved to satisfy the requirements of substantial evidence (see, Matter of Foster v Coughlin, 156 AD2d 806, affd 76 NY2d 964). Although the victim later denied that he had been assaulted or that he ever identified petitioner as his assailant, this raised a question of credibility for the Hearing Officer to resolve (see, Matter of De Torres v Coughlin, supra).

Mercure, J. P., Crew III, Mahoney, Casey and Harvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.