■ In the Matter of CHRISTOPHER GALLAGHER, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of Correctional Services, et al., Respondents. [597 NYS2d 495] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

On September 18, 1991, after a tier III disciplinary hearing, petitioner was found guilty of making threats concerning another inmate. This finding was affirmed on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding contending, *inter alia,* that the determination was not supported by substantial evidence and that the Hearing Officer was biased.

We confirm. Contrary to petitioner's contention, the focus of

the inquiry is not on whether the misbehavior report is based on hearsay information, but rather on whether the report has sufficient relevance and probative value as to constitute substantial evidence *(see, Matter of Burgos v Coughlin,* 108 AD2d 194, *lv denied* 66 NY2d 603). Here, although the incident was not witnessed by the correction officer who authored the misbehavior report, the report sets forth the details of the incident with sufficient specificity as to time and place and persons involved to satisfy the requirements of substantial evidence *(see, Matter of Foster v Coughlin,* 156 AD2d 806, *affd* 76 NY2d 964). Furthermore, the report was written under the order of the correction officer who did witness the incident and was endorsed by him. This officer also testified at the hearing and corroborated the account set forth in the report. Petitioner's denials and explanations served only to present a question of credibility for the Hearing Officer to resolve *(see, Matter of Gayle v LeFevre,* 139 AD2d 866). We also note that the Hearing Officer was under no obligation to call the officer who wrote the report and petitioner failed to avail himself of the opportunity to call this officer as a witness *(see, supra).* As a final matter, we find no support in the record for petitioner's claim that the Hearing Officer was biased or that the outcome of the hearing flowed from the alleged bias *(see, Matter of Nieves v Coughlin,* 157 AD2d 943). As to the remaining contentions presented by petitioner, they have been examined and rejected for lack of merit.

Mikoll, J. P., Levine, Mahoney, Casey and Harvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.