■ In the Matter of LAWRENCE L. BROWN, Petitioner, v THOMAS A. CONSTANTINE, as Superintendent of the New York State Police, Respondent. [606 NYS2d 65] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Broome County) to review a determination of respondent which formally censured petitioner and suspended him for one day without pay.

Petitioner's son was arrested at Ithaca College for driving while intoxicated. Thereafter, petitioner, an investigator with the Division of State Police, had several telephone conversations with Ithaca College Campus Police Officers and members of the Tompkins County Sheriff's Department in connection with the incident. As a result of those conversations, which after investigation were believed to have constituted improper attempts to use his position to obtain unwarranted benefits for his son, petitioner was charged with six counts of official misconduct. After an evidentiary hearing, the Hearing Board found petitioner guilty only of charge two, which alleged that, in the course of a particular phone call to the Campus Police, petitioner acted in a manner tending to bring discredit upon the Division. The Hearing Board's findings and recommendations were accepted by respondent, and petitioner, who was censured and suspended as noted above, brought this CPLR article 78 proceeding to review respondent's determination.

We reject petitioner's contention that the finding of guilty on charge two is inconsistent with the findings of not guilty on the other charges. Charge two involved a particular conversation with Sergeant Keith Lee of the Campus Police. The Hearing Board, whose credibility determination is entitled to great deference (see, Matter of Berenhaus v Ward, 70 NY2d 436, 443-444), specifically found Lee's testimony, and particularly his interpretation of the tone and implication behind

petitioner's statements, "believable and credible". Respondent's finding that petitioner did not specifically request any special treatment or favor from Lee, and therefore that he was not guilty of charge one, which essentially alleged a violation of Public Officers Law § 74, is not inconsistent with its finding that petitioner's actions nonetheless served to bring discredit upon the Division, the gravamen of the second charge. And as for charges three through six, their disposition can hardly be said to be inconsistent, for they arose out of different conversations with different officers and entailed different subject matters.

Lee's interpretation of the remarks made to him by petitioner, that the latter, because of his position as a State Police investigator, was seeking "some slack"—favorable treatment —with regard to the driving while intoxicated charge against his son, provided substantial evidence for the finding of guilty on the second charge. Although petitioner denies making the remarks, this conflict merely raises a question of credibility which the Hearing Board could and did resolve in favor of Lee (see, Matter of Mtambuzi v Coughlin, 176 AD2d 1110, 1111, lv denied 79 NY2d 756); it does not, as suggested by petitioner, betoken that the Hearing Board failed to consider all of the evidence before it.

Nor are we persuaded by petitioner's argument that the Hearing Board improperly considered the testimony of the State Police investigator who conducted the internal investigation which resulted in the charges lodged against petitioner, and more particularly his testimony about his interview of Norman Wall, Lee's superior, to whom petitioner allegedly spoke after his lack of success with Lee. Hearsay evidence such as this is permitted at an administrative hearing if it is relevant and probative (see, People ex rel. Vega v Smith, 66 NY2d 130, 139), as Wall's assessment clearly was. Furthermore, inasmuch as the Hearing Board's findings and conclusions reveal that its finding of guilt was based primarily on Lee's testimony, with Wall's indication that petitioner acted in a threatening and intimidating manner treated as merely confirmatory, it cannot be said that petitioner was unduly prejudiced by the admission of this evidence. And, not having requested an adjournment for the purpose of obtaining Wall's testimony, by subpoena if necessary, petitioner cannot now complain that he was denied due process by virtue of the absence of any opportunity to cross-examine Wall (see, Matter of Eagle v Paterson, 57 NY2d 831, 833; Matter of Gallagher v Coughlin, 193 AD2d 847, 848).

Mikoll, J. P., Crew III, White and Mahoney, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.