■ In the Matter of IBRAHIM O'NEAL, Petitioner, v THOMAS COUGHLIN, as Commissioner of the New York State Department of Correctional Services, et al., Respondents.—Levine, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate at Elmira Correctional Facility in Chemung County, was allegedly involved in a physical altercation with a correction officer on September 2, 1988 at approximately 3:30 P.M. A short time later, as he was being taken to the special housing unit (hereinafter SHU), petitioner allegedly incited a group of inmates to come to his aid and, as a result, the correction officer escorting petitioner was assaulted by the inmates.

Two misbehavior reports were prepared detailing the incidents and a tier III Superintendent's hearing for both reports was held on September 7, 1988. Petitioner pleaded guilty to the charge of engaging in conduct which disturbs the order of the facility, but not guilty to the remaining charges of, *inter alia,* assault, inciting violent conduct and refusing to obey orders. Petitioner claimed in his defense that he had been beaten unnecessarily by the correction officers. As to the second incident, petitioner admitted telling a group of inmates that "they [the correction officers] tried to kill me" as he was being escorted to SHU.

At the conclusion of the hearing, petitioner was found guilty of all the charges and a penalty of four years' confinement in SHU and a four-year loss of good time and privileges was

imposed. On administrative appeal, the penalty was reduced to a two-year confinement in SHU and loss of good time and privileges.

Prior to the commencement of this CPLR article 78 proceeding, Prisoners' Legal Services of New York (hereinafter PLS) made a Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL) request on behalf of petitioner for respondents to release documents and records pertaining to the disciplinary proceeding at issue. Apparently, as a result of records released pursuant to this request, petitioner learned that the Hearing Officer, Correction Officer Charles Kline, had been a supervising officer on duty at the time of the alleged incidents. Accordingly, the main point advanced for annulment is that Kline's prior involvement with the incidents at issue in the disciplinary proceeding denied petitioner his right to a fair and impartial hearing.

Respondents submitted with their answer an affidavit by Kline in which he avers that, on the day in question, he "learned from the radio that an incident was in progress" and that his "only involvement was to telephone Lieutenant Robinson to ask him if he needed further assistance" in the form of additional officers. Kline also denied in the affidavit that he conducted any investigation of the incident and explained that a memorandum report of the incident addressed to him by Lieutenant Robinson was "standard operating procedure for a subordinate officer to send such a report to his immediate supervisor".

Respondents' regulations disqualify a person who has *"actually witnessed* the incident * * * who was *directly involved* in the incident" or who "has investigated the incident" from serving as a Hearing Officer (7 NYCRR 254.1 [emphasis supplied]). In our view, Kline's appointment as a Hearing Officer in petitioner's case did not violate this regulation since Kline did not witness or investigate the events in question and he was not *directly* involved in the matter *(see, Matter of Brown v Scully,* 110 AD2d 835). Furthermore, based upon the circumstances in this case, we are not persuaded that Kline's tangential role in communicating with an officer at the scene while the incident was in progress constituted a denial of petitioner's due process rights *(cf., Powell v Ward,* 542 F2d 101, 102-103).

Petitioner has also failed to establish that certain documents released to PLS under the FOIL request were considered by Kline at the hearing without being formally introduced into the record. The documents at issue are Robinson's

report and two use of force and unusual incident reports pertaining to the events involving petitioner. Respondents explain that these documents were released to PLS not because Kline considered them during the course of the disciplinary proceeding, but because the FOIL request sought "all use of force reports", "all unusual incident reports", "all applicable interdepartmental communications" and "all other documents pertaining to the charge(s) at issue". Moreover, Kline's affidavit states that he does not recall whether he had knowledge of these documents at the time of the hearing.

Finally, we conclude that respondents' determination is supported by substantial evidence.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Yesawich, Jr., Levine and Mercure, JJ., concur.