■ In the Matter of MAKUNA MTAMBUZI, Petitioner, v THOMAS COUGHLIN III, as Commissioner of Correctional Services, et al., Respondents.—Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Washington County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate at Great Meadow Correctional Facility in Washington County, was charged in a misbehavior report with three separate violations of prison rules (100.11 [assault on staff], 104.10 [violence, rioting] and 106.10 [refusing a direct order]) *(see,* 7 NYCRR 270.2). It appears that petitioner, when exiting the Muslim room, interjected himself into an altercation between other inmates and correction officers that was taking place outside the door of that room. Petitioner

was ordered to "stay put". Instead, he swung at a correction officer, striking him in the left eye. Petitioner's hearing was delayed until after his release from the medical observation unit to which he was confined after the altercation, with the hearing to commence within seven days of petitioner's release from that unit. Petitioner was given assistance and the testimony of his requested witnesses supported his version of the events, that is, that he did not participate in the altercation and never struck anyone. Petitioner was found guilty of all three charges.

The evidence relied on to find petitioner guilty was the misbehavior report authored by the correction officer he allegedly hit, which was a first-hand account of the events that led up to its filing, and the contents of the report which were endorsed by two other correction officers. This evidence, credited by the Hearing Officer, supplies substantial evidence to support the determination made (see, *Matter of Perez v Wilmot,* 67 NY2d 615; *People ex rel. Vega v Smith,* 66 NY2d 130). The contrary version of the events offered by petitioner and his witnesses simply created an issue of credibility for the Hearing Officer to resolve (see, *Matter of Foster v Coughlin,* 76 NY2d 964).

Petitioner also contends that the Hearing Officer was biased and violated lawful procedure. We find no merit in these contentions. We find further that petitioner received adequate assistance and that the hearing was timely commenced (see, *Matter of Abreu v Coughlin,* 157 AD2d 1028). Petitioner's penalty of 365 days in the special housing unit and a loss of 12 months of good time was appropriate in the circumstances. The determination should therefore be confirmed.

Mahoney, P. J., Weiss and Crew III, JJ., concur. Adjudged that the determination is confirmed, and petition dismissed, without costs.