■ In the Matter of EDUARDO MARQUEZ, Petitioner, v LOUIS MANN, as Superintendent of Shawangunk Correctional Facility, et al., Respondents.—Weiss, P. J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of a misbehavior charge involving an assault on a correction officer. Contending that his rights to due process under the law were violated as a result of certain procedural denials and failures, petitioner commenced this CPLR article 78 proceeding to review the administrative determination. Counsel stipulated to a transfer to this Court. Supreme Court accepted the stipulation and ordered the transfer pursuant to CPLR 7804 (g).

Nothing in the record supports petitioner's conclusory allegation that the Hearing Officer was biased *(see, Matter of McCoy v Leonardo,* 175 AD2d 358). Neither does the mere fact that the Hearing Officer had been the officer of the day at the time of the incident in question require disqualification pursuant to regulations of the Department of Correctional Services *(see,* 7 NYCRR 254.1; *Matter of O'Neal v Coughlin,* 162 AD2d 826, 827). Petitioner's further argument that he was entitled to receipt of a notice of charges in Spanish because of his

difficulty in understanding English is belied by the record. Petitioner affirmatively stated that he understood English and the transcript of his hearing reveals that petitioner comprehended the testimony and written evidence.

We also reject petitioner's contention that he was provided inadequate employee assistance. Petitioner must establish that he was prejudiced by the alleged inadequacies (see, Matter of Gonzalez v Mann, 186 AD2d 876). Here, petitioner argues that his employee assistant failed to explain the charges to him, interview witnesses or obtain requested documentary evidence. It is clear from the record, however, that petitioner understood the charges and secured favorable testimony from the witnesses he had requested. In addition, the requested medical records and other evidence of the assaulted correction officer's injuries were irrelevant (see, Matter of Irby v Kelly, 161 AD2d 860, 861). Finally, the Hearing Officer was free to credit the testimony of two correction officers who were eyewitnesses to the assault over the testimony of inmate eyewitnesses (see, Matter of Mtambuzi v Coughlin, 176 AD2d 1110, lv denied 79 NY2d 752, 756), and properly denied testimony from two of petitioner's witnesses as redundant (see, Matter of Santiago v Hoke, 183 AD2d 978, lv denied 80 NY2d 757). We have considered petitioner's other contentions and find them to be without merit.

Mikoll, Yesawich Jr., Mercure and Crew III, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.