■ In the Matter of NICK REID, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [634 NYS2d 236] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Washington County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a recent transferee to Mid-State Correctional Facility in Oneida County, held himself out as the new president of the facility's Caribbean African Unity inmate organization, resulting in disciplinary charges when it was discovered that no election had been called and no vote taken. Petitioner commenced this proceeding to challenge the determination finding him guilty of charges relating to his actions and written statements as the purported president. A review of the record reveals substantial evidence supporting the finding that petitioner had improperly attempted to install himself as the leader of the inmate organization and in the process took unauthorized actions and submitted incorrect documents. While petitioner and several of his witnesses presented contrary versions as to what occurred, the issue raised was one of credibility for the Hearing Officer to resolve (see, Matter of Mtambuzi v Coughlin, 176 AD2d 1110, 1111, lv denied 79 NY2d 756).

We find no merit to petitioner's contention that the unavailability of a series of attendance lists prevented him from discovering relevant defense witnesses. Petitioner had the names of many of the inmate organization's members, including those occupying leadership roles, sufficient to develop the exact series of events leading to his claimed presidency, thus negating any claim of prejudice based upon his inability to obtain the lists (see, Matter of Ruiz v Coughlin, 184 AD2d 818). There is no support in the record for petitioner's contention that the Hearing Officer was biased (see, Matter of Nieves v Coughlin, 157 AD2d 943, 944). Although the transcripts have a number of gaps as a result of inaudible sections of the hearing tapes, they are not so significant as to prevent meaningful review of the hearing and petitioner's arguments (see, Matter of Fletcher v Selsky, 199 AD2d 865, 866, lv denied 83 NY2d 753; Matter of Thomas v Coughlin, 145 AD2d 695). Petitioner's remaining contentions have been examined and found to be without merit.

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur.

Adjudged that the determination is confirmed, without costs, and petition dismissed.