■ In the Matter of CHRISTOPHER NEAL, Petitioner, v PHILIP COOMBE, JR., as Acting Commissioner of the Department of Correctional Services, et al., Respondents. [648 NYS2d 475] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Washington County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate at Great Meadow Correctional Facility in Washington County, was observed encouraging two other inmates to assault a third inmate and refused orders to stop engaging in this behavior. After a Superintendent's hearing, he was found guilty of engaging in violent conduct, inciting a demonstration, interfering with an employee and refusing to obey a direct order. Petitioner challenges this determination, arguing that it is not supported by substantial evidence, that the hearing was not completed in a timely manner in accordance with 7 NYCRR 251-5.1 (a) and that the Hearing Officer was biased. Initially, the misbehavior report, which was authored by a correction officer who witnessed the incident and signed by another correction officer, discloses that petitioner

---

encouraged two inmates to assault a third inmate, refused direct orders to stop this behavior and to put his hands on the cage, and yelled obscenities in an attempt to get other inmates to encourage the assault. While various inmates called by petitioner to testify at the hearing stated that petitioner was not involved in the incident and did not yell remarks, it was for the Hearing Officer to assess the credibility of their testimony (*see, Matter of Lashway v Stinson*, 226 AD2d 874; *Matter of Reid v Coughlin*, 221 AD2d 888). Since the Hearing Officer could choose to discredit this testimony and rely on the statements contained in the misbehavior report, and given that petitioner has failed to substantiate his claim that the misbehavior report was tampered with (*see, Matter of Lashway v Coughlin, supra*), we find that substantial evidence supports the administrative determination.

Moreover, because petitioner was not confined pending the hearing, the hearing needed to be completed within 14 days of the date of the misbehavior report (*see*, 7 NYCRR 251-5.1 [b]), not within seven days as argued by petitioner (*see*, 7 NYCRR 251-5.1 [a]). The record reveals that the hearing was concluded within the 14-day time period (*see, Matter of Murray v Mann*, 193 AD2d 1038; *see also, Matter of Sardo v Murphy*, 175 AD2d 972). Finally, we have reviewed the hearing transcript and find that the Hearing Officer conducted the hearing in a fair and impartial manner.

Mercure, J. P., Casey, Yesawich Jr., Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.