■ In the Matter of ALEX SIME, Petitioner, v DONALD SELSKY, as Director of Special Housing of the Department of Correctional Services, Respondent. [654 NYS2d 193] —Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, a State prison inmate, was charged with violating a prison disciplinary rule prohibiting an inmate from threatening to commit an unhygienic act against prison staff. At the tier III hearing petitioner denied the charge, and two inmates requested by petitioner testified outside of his presence. Testimony also was taken from the correction officer who authored the misbehavior report. At the conclusion of the hearing, petitioner was found guilty of the charge and given a penalty of 30 days in the special housing unit. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding to challenge the determination.

Contrary to petitioner's assertion, the misbehavior report and the testimony offered by the correction officer who both authored the report and witnessed the underlying incident provide substantial evidence to support the finding of guilt. To the extent that petitioner's witnesses testified that petitioner did not threaten the officer in question, this merely presented a credibility issue for the Hearing Officer to resolve (*see, Matter of Neal v Coombe*, 232 AD2d 703).

Of the numerous procedural arguments raised by petitioner, only one warrants discussion. When petitioner objected to the fact that he was not permitted to be present when the inmate witnesses testified, the Hearing Officer informed petitioner that this was necessary to avoid jeopardizing the security of the facility. In our view, the record supports this conclusion. Petitioner was confined to the special housing unit and the charge involved a threat to a correction officer. Additionally, petitioner was informed of the reason for this procedure, and the tape of these witnesses' testimony was played to petitioner. Given these facts, the decision to take the witnesses' testimony separately will not be disturbed (*see, Matter of Cortez v Coughlin*, 67 NY2d 907). Petitioner's remaining contentions, including his claim that relevant documents were excluded and that the Hearing Officer was biased, have been examined and found to be lacking in merit.

Cardona, P. J., Mikoll, Yesawich Jr. and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.