THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN M. GRUPP, Appellant. [679 NYS2d 861] —Judgment unanimously affirmed (see, People v Hidalgo, 91 NY2d 733). (Appeal from Judgment of Supreme Court, Erie County, Burns, J.—Criminal Possession Stolen Property, 4th Degree.) Present—Denman, P. J., Green, Hayes, Callahan and Balio, JJ.

In the Matter of TIMOTHY GRANT, Petitioner, v PHILIP COOMBE, as Acting Commissioner of New York State Department of Correctional Services, Respondent. [680 NYS2d 31] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: In this CPLR article 78 proceeding, petitioner challenges a prison disciplinary determination finding him guilty of violating inmate rules 100.10 (7 NYCRR 270.2 [B] [1] [i] [assault]), 100.13 (7 NYCRR 270.2 [B] [1] [iv] [fighting]) and 113.10 (7 NYCRR 270.2 [B] [14] [i] [possessing a weapon]). Petitioner contends that the hearing was conducted in violation of due process and 7 NYCRR 254.1 because the Hearing Officer was not impartial and had access to off-the-record information as a result of his involvement in the investigation.

Petitioner has failed to make the necessary showing that the Hearing Officer was biased, let alone that the determination flowed from such alleged bias (see, Matter of Hooper v Goord, 247 AD2d 884; Matter of Dawes v Selsky, 242 AD2d 907). Further, the record establishes that the Hearing Officer did not investigate the incident (see, 7 NYCRR 254.1) but merely coordinated the logistics and scheduling of the police investigation into a homicide. Such tangential involvement with a case does not disqualify an individual from acting as a Hearing Officer (see, Matter of Marquez v Mann, 188 AD2d 956; Matter of O'Neal v Coughlin, 162 AD2d 826, 827). There is no merit to the contention that the Hearing Officer improperly relied on extra-record materials in reaching his disposition. Although the Hearing Officer read the Kirkpatrick/Bea report, the report contains no information material to the charges against petitioner. To the extent that the Hearing Officer might have viewed other materials in his capacity as Captain of the day shift, those materials were eventually made part of the hearing file and would have been reviewed by the Hearing Officer in any event. (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Wyoming County, Dadd, J.) Present—Denman, P. J., Green, Hayes, Callahan and Balio, JJ.