■ In the Matter of Cassius Watson, Petitioner, v R. Morse, as Deputy Superintendent of Southport Correctional Facility, et al., Respondents. [689 NYS2d 244] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, challenges the determination finding him guilty of violating the prison disciplinary rules which prohibit inmates from assaulting staff and engaging in violent conduct.* The detailed misbehavior report indicates that when petitioner was returning from the recreation area, he assaulted a correction officer by kicking and hitting him. This, together with the videotape and eyewitness testimony of various correction officers, provide substantial evidence to support the determination of petitioner's guilt (see, Matter of Gibson v Selsky, 244 AD2d 739). Any alleged inconsistencies in the testimony of the correction officers presented a credibility issue for the Hearing Officer to resolve (see, Matter of Young v Coombe, 227 AD2d 799, 801).

Petitioner's claim that the Hearing Officer participated in the investigation of the incident in question is unpersuasive. The Hearing Officer explained twice that his name was pre-printed on the unusual incident report due to the fact that he had been the officer of the day at the time of the incident in question; however, he did not investigate the incident nor have prior knowledge of the particulars thereof (see, Matter of Marquez v Mann, 188 AD2d 956; Matter of O'Neal v Coughlin, 162 AD2d 826, 827). Furthermore, we reject petitioner's claim that he was denied adequate employee assistance inasmuch as he has failed to demonstrate any prejudice resulting from any alleged inadequacies (see, Matter of Marquez v Mann, supra, at 957). Petitioner's remaining contentions, including his claim

---

* Petitioner was found not guilty of the charges of creating a disturbance, harassment and vandalizing an employee's property.

that he was denied the right to call witnesses, have been reviewed and found to be without merit.

Cardona, P. J., Mikoll, Crew III, Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

