■ In the Matter of MALIK SHEPPARD, Petitioner, v GLENN S. GOORD, as Commissioner of the Department of Correctional

Services, et al., Respondents. [695 NYS2d 205] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Following a tier III disciplinary hearing, petitioner, a prison inmate, was found guilty of violating the prison disciplinary rules prohibiting assault, violent conduct, fighting and possession of a weapon, all stemming from an incident when petitioner attacked and wounded another inmate in the special housing unit visiting room. The penalty imposed upon the determination of guilt was 60 months in the special housing unit, a loss of privileges for 60 months, a 60-month recommended loss of good time and a one-year loss of visitation. Petitioner's administrative appeal was unsuccessful, prompting the commencement of this CPLR article 78 proceeding.

We confirm. Contrary to petitioner's argument, the clear and detailed misbehavior report, combined with memoranda furnished by correction officers who witnessed the incident and pertinent photographs, substantiated the alleged misconduct (*see, Matter of Foster v Coughlin*, 76 NY2d 964, 966). While it is true that the weapon used by petitioner was not recovered, several of the correction officers specifically witnessed petitioner cutting the victim with a sharp "razor-type" weapon which petitioner was then observed passing through the bars of the "cage". Notably, the victim sustained nine lacerations on his face, neck, ears and head.

Petitioner's remaining arguments are also unavailing. Any gaps in the hearing transcript were not so significant as to preclude meaningful appellate review of petitioner's claims (*see, Matter of Gold v Masse*, 256 AD2d 981, 981-982, *lv denied* 93 NY2d 803). Although three pages of the transcript were inadvertently omitted from the record, these pages were duly supplied to this Court for its review. Nor are we persuaded by petitioner's contention that the Hearing Officer was biased; in any event, petitioner failed to establish that the outcome of the hearing flowed from the alleged bias (*see, Matter of Lawrence v Headley*, 257 AD2d 837). Finally, given the serious nature of the offense, we do not find the penalty imposed to be unduly harsh or so disproportionate as to be shocking to one's sense of fairness, especially in light of petitioner's prior disciplinary history (*see, Matter of Edmonson v Coombe*, 247 AD2d 693, 694).

Mikoll, J. P., Yesawich Jr., Peters, Graffeo and Mugglin, JJ.,

concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.