■ In the Matter of ALEX SIME, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [812 NYS2d 714]—

Appeal from a judgment of the Supreme Court (Rumsey, J.), entered March 9, 2005 in Broome County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with violating the prison disciplinary rules which prohibit assault on inmates

and possession of a weapon. The charges resulted from information received from confidential informants, as well as an investigation into such information, which identified petitioner as being involved in an altercation where he attempted to stab another inmate with a pen. Following a tier III disciplinary hearing, petitioner was found guilty of both charges. Upon his administrative appeal, the penalty imposed was modified, but the determination of guilt was affirmed. Petitioner then commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition, and this appeal ensued.

Petitioner contends that the determination must be annulled because the hearing officer was improperly appointed to conduct the disciplinary hearing. We agree. 7 NYCRR 254.1 specifically precludes a person from being appointed to conduct a disciplinary hearing if that person "has investigated the incident" (see Matter of Abdur-Raheem v Mann, 85 NY2d 113, 120 [1995]). Here, the unusual incident report pertaining to the assault incident indicates that, in addition to the information gleaned from the confidential informants, further investigations were conducted. The hearing officer is specifically named in the unusual incident report as one of those persons who investigated the incident. When questioned by petitioner about his involvement, the hearing officer offered nothing but a blanket denial of any involvement in the investigation of the incident. Without an explanation as to why his name appeared as an investigator, we cannot discern whether the hearing officer's involvement in this matter was strictly tangential (cf. Matter of Vidal v Goord, 273 AD2d 535, 535 [2000], lv denied 95 NY2d 763 [2000]; Matter of Watson v Morse, 260 AD2d 772, 772 [1999]; Matter of Grant v Coombe, 255 AD2d 996, 996 [1998]). Inasmuch as the documentary evidence gives the appearance that the hearing officer was aware of the particulars of the incident leading to the misbehavior report prior to the commencement of the hearing, which is in contravention of 7 NYCRR 254.1, the determination is annulled. Given the procedural impropriety, we find that the matter should be remitted for a new hearing before a different hearing officer (see generally Matter of Laureano v Kuhlmann, 75 NY2d 141, 148-149 [1990]; Matter of Garcia v Coughlin, 209 AD2d 800, 801 [1994]; Matter of Shipman v Coughlin, 98 AD2d 823, 824 [1983]; cf. Matter of Hartje v Coughlin, 70 NY2d 866, 868 [1987]). In view of our conclusion that a new hearing is appropriate, we need not address petitioner's remaining contentions.

Cardona, P.J., Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is reversed, on the law,

without costs, determination annulled, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision. [Recalled and vacated, 30 AD3d —, June 26, 2006.]