(June 26, 2006)

■ In the Matter of ALEX SIME, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [817 NYS2d 733]—

Motion for reargument. Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is ordered that the motion is granted, without costs, and the memorandum and order decided and entered April 13, 2006 (28 AD3d 886 [2006]) is vacated and the following memorandum and order is substituted therefor:

Appeal from a judgment of the Supreme Court (Rumsey, J.), entered March 9, 2005 in Broome County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with violating the prison disciplinary rules which prohibit assault on inmates and possession of a weapon. The charges resulted from information received from confidential informants, as well as an investigation into such information, which identified petitioner as being involved in an altercation wherein he attempted to stab another inmate with a pen. Following a tier III disciplinary hearing, petitioner was found guilty of both charges. Upon his administrative appeal, the penalty imposed was modified, but the determination of guilt was affirmed. Petitioner then commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition, and this appeal ensued.

We reject petitioner's contention that the Hearing Officer was improperly appointed to conduct the disciplinary hearing (*see* 7 NYCRR 254.1). The unusual incident report does not, as petitioner claims, indicate that the Hearing Officer was involved in the investigation of the incident. Rather, the document states that the Hearing Officer, as a Deputy Superintendent of Security, was notified of the incident which led to the disciplinary charges. Furthermore, at the disciplinary hearing, the Hearing Officer denied being involved in any investigation into petitioner's alleged misconduct. The fact that the Hearing Officer served as the review officer with respect to a recommendation that petitioner be placed in involuntary protective custody due to the assault incident does not constitute an investigation into the incident precluding him from presiding as a hearing officer at the disciplinary proceeding (*see Matter of Giakoumelos v Coughlin*, 192 AD2d 998, 998 [1993], *lv denied* 82 NY2d 658 [1993]).

To the extent that petitioner challenges the use of confidential

information, a review of the in camera information establishes that, although the Hearing Officer did not personally interview the confidential informants, there was sufficient information provided by the investigating correction officer upon which the Hearing Officer could independently evaluate the credibility and reliability of the information provided (*see Matter of Berry v Portuondo*, 6 AD3d 848, 849 [2004]; *Matter of Simpson v Goord*, 308 AD2d 641, 642 [2003], *lv denied* 2 NY3d 704 [2004]). Also without merit is petitioner's contention that the hearing was not fair and impartial. A review of the record establishes that the determination of guilt resulted from the misbehavior report, testimony at the hearing and confidential information and not from any alleged bias or misconduct on the part of the Hearing Officer (*see Matter of Garrett v Goord*, 14 AD3d 826, 828 [2005]; *Matter of McClean v Coombe*, 242 AD2d 846, 847 [1997]). Petitioner's remaining contentions, including that he was denied documentary evidence and was unable to present a defense, have been reviewed and found to be without merit.

Cardona, P.J., Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.