■ In the Matter of DEREK PERKINS, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [911 NYS2d 226]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Following his participation in a Family Reunion Program visit, petitioner, a prison inmate, was instructed to submit a urine sample. After petitioner complied, the correction officer stepped out of the bathroom to secure the sample and, when he returned, he discovered petitioner with feces on his hands and clothing and a condom on the floor, also covered in feces, containing an unknown substance. After the substance tested positive for marihuana, petitioner was served with two misbehavior reports charging him with possession of an altered item,

smuggling, commission of an unhygienic act, making false statements, violation of family reunion procedures and drug possession. Petitioner was found guilty of all charges following a tier III disciplinary proceeding. The determination was affirmed on administrative appeal, with a modification of the penalty, and petitioner then commenced this CPLR article 78 proceeding.

We confirm. Initially, to the extent that petitioner raised an issue of substantial evidence in his petition, he has abandoned such issue on appeal by failing to raise it in his brief (see Matter of Austin v Fischer, 70 AD3d 1074, 1074 n [2010]). Turning to petitioner's procedural contentions, we find that it was not improper for the Hearing Officer to have presided over the disciplinary hearing where there is no evidence that he witnessed the incident or participated in the investigation (see Matter of Dubois v Bezio, 67 AD3d 1111 [2009]; Matter of Sime v Goord, 30 AD3d 887, 888 [2006], lv denied 7 NY3d 717 [2006]). Although the unusual incident report stated that the Hearing Officer authorized a contraband drug watch on petitioner, the Hearing Officer denied that he had authorized the watch and, in any event, such authorization would not have constituted an investigation into the event that would have precluded his participation in the hearing (see Matter of Sime v Goord, 30 AD3d at 888).

We also find unavailing petitioner's claim that he was improperly denied the right to call witnesses. In an effort to establish his claim that the contraband belonged to another inmate in the Family Reunion Program, petitioner requested a list of all program participants, which was denied by the Hearing Officer. However, in an effort to facilitate petitioner's defense, the Hearing Officer invited petitioner to submit questions that would be asked of each program participant to determine whether they had relevant information. Petitioner refused to submit questions and, therefore, it cannot be said that he was improperly denied his right to call witnesses (see Matter of White v Superintendent of Wyoming Correctional Facility, 69 AD3d 1180, 1181 [2010]; Matter of Daniels v Goord, 38 AD3d 1073 [2007]). Similarly, petitioner's claim that he was denied documentary evidence is unpersuasive where the Hearing Officer gave him the opportunity to review his wife's statement to police, in which she confessed that she had smuggled marihuana into the facility and had given it to petitioner, and he declined to do so (see Matter of Chavis v Goord, 58 AD3d 954, 955 [2009]).

We have reviewed petitioner's remaining contentions and find them to be without merit.

Peters, J.P., Malone Jr., Kavanagh, Garry and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.