■ In the Matter of JOSEPH JACKSON et al., Petitioners, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, et al., Respondents. [935 NYS2d 727]—

Lahtinen, J.

In November 2008 and February 2009, petitioner Joseph Jackson (hereinafter petitioner), a prison inmate, was granted permission to participate in the family reunion program in order to visit with his wife, petitioner Theresa Jackson (hereinafter the wife), and their children. At the next scheduled visit on April 2, 2009, a cell phone was discovered in one of the wife's bags, which resulted in the visit being canceled and the cell phone turned over to the Inspector General's office for further investigation. That investigation revealed that, at the two prior family reunion visits, not only had photographs been taken with the confiscated cell phone, but text messages had also been sent and received. Consequently, the facility's superintendent, respondent Harold Graham, sent notice to the wife that her visitation privileges were revoked. Petitioner was charged in a January 2010 misbehavior report with providing false information, possessing contraband and violating the family reunion program guidelines. Following a tier III disciplinary hearing, petitioner was found guilty of all charges and a penalty of 36 months in the special housing unit, 36 months of loss of privileges, 36 months of loss of good time and 12 months of revocation of visitation privileges was imposed. That determination was upheld on administrative appeal. Subsequently, petitioner and his wife commenced this proceeding challenging the disciplinary determination, as well as the revocation of the wife's visitation privileges.

Contrary to petitioner's contention, the detailed misbehavior report, hearing testimony and documentary evidence provide substantial evidence to support the determination of guilt (see *Matter of Dennis v Bezio*, 82 AD3d 1398, 1399 [2011]). The documentary evidence, including subpoenaed cell phone records, sufficiently establish that, during the November 2008 and February 2009 family reunion visits, petitioner was in possession of a contraband cell phone in violation of the rules. Furthermore, testimony from the investigator who interviewed petitioner explained any typographical errors in the misbehavior

report and confirmed that petitioner falsely claimed to have no knowledge of the cell phone being inside the family reunion trailers on the relevant dates. With respect to petitioner's claim that the information gleaned from the cell phone was obtained in violation of his wife's constitutional rights, he does not have standing to make such an argument herein (*see generally Matter of Folsom v Swan*, 41 AD3d 899, 900 [2007]). As for petitioner's challenge to the penalty imposed, we find, given the serious security issues pertaining to cell phones in prison, that the penalty "was not so shocking to one's sense of fairness as to be excessive" (*Matter of Quartieri v New York State Dept. of Correctional Servs.*, 70 AD3d 1071, 1072 [2010]).

Turning to the revocation of the wife's visitation privileges, we conclude that the absence of proof in the record that the wife exhausted her administrative remedies by appealing the April 6, 2009 determination within 30 days as set forth in the notice precludes appellate review of that determination (*see Matter of Ifill v Fischer*, 79 AD3d 1322, 1322 [2010]). Nevertheless, we note that petitioners claim that the wife was never properly served with the revocation determination and they assert herein that the Department of Corrections and Community Supervision has granted the wife an opportunity to file an appeal of that determination. Given this circumstance, the wife must still exhaust her administrative remedies and, if an adverse determination is rendered, commence an appropriate legal challenge seeking review.

Any remaining arguments raised by petitioners not specifically addressed herein have been examined and found to be unpersuasive.

Mercure, A.P.J., Rose, Kavanagh and McCarthy, JJ., concur. Adjudged that the determination finding petitioner Joseph Jackson guilty of violating certain prison disciplinary rules is confirmed, without costs, and petition dismissed to that extent. Adjudged that the portion of the petition challenging the determination with respect to petitioner Theresa Jackson is dismissed, without costs.