Garry, J. (concurring in part and dissenting in part).
While I do not disagree with the resolution of petitioner’s constitutional and evidentiary challenges, I cannot countenance the penalty *826 imposed, i.e., confinement for 60 months in the special housing unit (hereinafter SHU), with 24 months suspended.[1]
The severity of this penalty is disproportionate to the offense. Petitioner is currently incarcerated at Southport Correctional Facility in Chemung County, an SHU prison where he is statistically likely to remain for the duration of this confinement (see Lee v Coughlin, 26 F Supp 2d 615, 625 [SD NY 1998]). The Lee court held that the incidents of confinement at this facility, as compared to those of the general prison population, constitute “an atypical and significant hardship” (id. at 635-636). Notably, in contrast to the sentence of approximately one year under review in Lee, petitioner here faces up to five years in such conditions.
The governing regulations impose no limits on the length of SHU confinement that may be imposed in a tier III disciplinary proceeding (see 7 NYCRR 254.7 [a] [1] [iii]; 301.2 [a]). However, in 1995, the Department of Corrections and Community Supervision promulgated disposition guidelines recommending SHU confinement for periods ranging between 3 and 24 months for assaultive behavior, weapons possession, and gang-related violent behavior. These guidelines further indicate that factors such as the nature of the incident and the inmate’s prior disciplinary history should be taken into account as mitigating or aggravating circumstances. The SHU sentence imposed on petitioner is far longer than those mentioned in the guidelines; while such penalties are not unheard of, they are usually imposed for such disruptions as escape, riots, fighting, and other dangerously violent behavior (see e.g. Matter of Huggins v Goord, 19 AD3d 989, 989-990 [2005] [36-month SHU confinement after stabbing another inmate 17 times]; Matter of McBride v Selsky, 257 AD2d 930, 930-931 [1999] [48-month SHU confinement for unprovoked, violent attack on correction officer]; Matter of Wilkinson v Coombe, 242 AD2d 834, 835 [1997] [36-month SHU confinement administratively reduced to 24 months for fighting and assault]; Matter of Killings v O’Keefe, 238 AD2d 638, 638-639 [1997] [60-month SHU confinement administratively reduced to 40 months for rioting, assault and disobeying a direct order]; Matter of Williams v Coughlin, 190 AD2d 883, 883-884 [1993], lv denied 82 NY2d 651 [1993] [five-year SHU confine *827 ment for rioting]). This Court has previously described a penalty of SHU confinement for 60 months as “severe,” but found it justified in a case involving a fight among inmates in a prison visiting room due to “the seriousness of the charges, the threat to institutional safety and security, and [the] petitioner’s history of violent behavior as an inmate” (Matter of Serrano v Goord, 266 AD2d 661, 662 [1999], lv denied 94 NY2d 762 [2000]; see Matter of Sheppard v Goord, 264 AD2d 916, 917 [1999]). Here, in sharp contrast, the offense did not involve physical violence and petitioner apparently had no previous history of prison violence, nor any disciplinary history beyond two minor infractions more than eight years previously.[2]
In explaining the penalty, the Hearing Officer stated that he took petitioner’s disciplinary history into account and considered the serious detriment to facility safety and security posed by cell phone use in prison (see Matter of Jackson v Fischer, 90 AD3d 1432, 1434 [2011]; Matter of Sylvester v Goord, 37 AD3d 888, 888 [2007], lv denied 8 NY3d 812 [2007]), and that the penalty was intended to deter petitioner and others from similar conduct in the future. However, he further stated that the penalty was justified by “the sophistication of this scheme to smuggle a cell phone into this facility.” This aspect of the penalty is unsupported by the record, as petitioner was not found guilty of smuggling or conspiring to smuggle cell phones into the prison.[3] The primary participants in the scheme were a correction officer who brought contraband into the facility and certain inmates who received the contraband and resold it to other inmates. The evidence did not reveal that petitioner was one of these participants, rather than a mere purchaser who acquired the cell phone from one of them, and thereafter concealed it, nor did the evidence reveal use of this phone to facilitate the smuggling. Thus, to the extent that the penalty was based on the sophistication of the smuggling scheme, it is unsupported by the record (compare Matter of Barakat v Goord, 271 AD2d 776, 776-777 [2000] [24-month SHU confinement for smuggling and conspiring to introduce contraband]).
*828 I am mindful of the deference generally accorded by courts to the Legislature and prison authorities in determining the discipline necessary to serve the goals of maintaining safety and order in prisons (see People v Vasquez, 89 NY2d 521, 532 [1997], cert denied 522 US 846 [1997]). However, in view of the nature of the offense, the length of the penalty, the lack of full evidentiary support for the Hearing Officer’s explanation of the penalty, and petitioner’s otherwise exemplary disciplinary record, I find the length of the SHU confinement imposed upon petitioner — even as reduced by the partial suspension — “so disproportionate to the offense as to be shocking to one’s sense of fairness” (Matter of Abreu v Bezio, 78 AD3d 1341, 1342 [2010]; see Matter of Barton v New York State Dept. of Correctional Servs., 81 AD 3d 1029, 1030 [2011]; Matter of Roussopoulas v Cunningham, 76 AD3d 730, 731 [2010]). Therefore, I would remit for reconsideration of that portion of the penalty pertaining to petitioner’s confinement in SHU (see Matter of Davis v Fischer, 76 AD3d 1154, 1155 [2010]; Matter of Wells v Selsky, 282 AD2d 799, 800 [2001]).
Ordered that the judgment is affirmed, without costs.

. As the majority notes, the issue of severity was not separately addressed by this pro se inmate upon this appeal. It was however squarely raised administratively and before Supreme Court, and the brief submitted upon this appeal focused on a related claim regarding mitigation of the penalty, and whether the evidence was sufficient to support the penalty imposed. In light of all the circumstances, therefore, this issue was not abandoned.

. Petitioner sought to present evidence regarding his character and demeanor at the hearing by means of witness testimony. He was denied this opportunity as the Hearing Officer stated that he was aware of his background and thus able to take this factor into consideration. Our record therefore does not include petitioner’s full disciplinary history, but he stated without contradiction that his history is limited to two minor infractions committed more than eight years before the instant violation.

. A smuggling charge was dismissed at the commencement of the hearing, apparently because it was not included in the misbehavior report charging petitioner (see 7 NYCRR 254.3).