■ In the Matter of DAVID ECHEVARRIA, Appellant, v BRIAN FISCHER, Commissioner, New York State Department of Corrections and Community Supervision, Respondent. [984 NYS2d 527]—

Appeal from a judgment of the Supreme Court, Wyoming County (Mark H. Dadd, A.J.), entered January 14, 2013 in a proceeding pursuant to CPLR article 78. The judgment dismissed the amended petition.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination after a tier III hearing that he violated certain inmate rules, arising from an incident in which he was charged with participating in a fight

that took place in a prison exercise yard. He appeals from a judgment dismissing the petition. Contrary to petitioner's contention, the "fact that the Hearing Officer had been the officer of the day at the time of the incident in question [does not] require disqualification pursuant to regulations of the Department of [Corrections and Community Supervision]" (*Matter of Marquez v Mann*, 188 AD2d 956, 956 [1992]; *see Matter of Parker v Fischer*, 70 AD3d 1086, 1087 [2010]).

Petitioner further contends that the Hearing Officer erred in making a determination without reviewing certain evidence, and that petitioner was prejudiced by the deficient prehearing assistance provided by the correction officer assigned to assist him. Petitioner failed to exhaust his administrative remedies with respect to those contentions because he failed to raise them in his administrative appeal, and this Court "has no discretionary authority to reach [them]" (*Matter of Nelson v Coughlin*, 188 AD2d 1071, 1071 [1992], *appeal dismissed* 81 NY2d 834 [1993]). Present—Smith, J.P., Peradotto, Carni, Sconiers and Valentino, JJ.