# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**482**

**CA 13-00573**

PRESENT: SMITH, J.P., PERADOTTO, CARNI, SCONIERS, AND VALENTINO, JJ.

---

IN THE MATTER OF DAVID ECHEVARRIA,
PETITIONER-APPELLANT,

V                                    MEMORANDUM AND ORDER

BRIAN FISCHER, COMMISSIONER, NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY
SUPERVISION, RESPONDENT-RESPONDENT.

---

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (ADAM W. KOCH OF
COUNSEL), FOR PETITIONER-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (ROBERT M. GOLDFARB OF
COUNSEL), FOR RESPONDENT-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Wyoming County (Mark
H. Dadd, A.J.), entered January 14, 2013 in a proceeding pursuant to
CPLR article 78.  The judgment dismissed the amended petition.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum:  Petitioner commenced this CPLR article 78 proceeding
seeking to annul the determination after a tier III hearing that he
violated certain inmate rules, arising from an incident in which he
was charged with participating in a fight that took place in a prison
exercise yard.  He appeals from a judgment dismissing the petition.
Contrary to petitioner's contention, the "fact that the Hearing
Officer had been the officer of the day at the time of the incident in
question [does not] require disqualification pursuant to regulations
of the Department of [Corrections and Community Supervision]" (*Matter
of Marquez v Mann*, 188 AD2d 956, 956; *see Matter of Parker v Fischer*,
70 AD3d 1086, 1087).

Petitioner further contends that the Hearing Officer erred in
making a determination without reviewing certain evidence, and that
petitioner was prejudiced by the deficient prehearing assistance
provided by the correction officer assigned to assist him.  Petitioner
failed to exhaust his administrative remedies with respect to those
contentions because he failed to raise them in his administrative
appeal, and this Court "has no discretionary authority to reach
[them]" (*Matter of Nelson v Coughlin*, 188 AD2d 1071, 1071, *appeal*

*dismissed* 81 NY2d 834).

Entered:  May 2, 2014                          Frances E. Cafarell
                                               Clerk of the Court