■ In the Matter of ERIC ROGERS, Petitioner, v ALBERT PRACK, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [987 NYS2d 710]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.

A correction officer witnessed petitioner violently attack another correction officer without provocation and strike the officer with closed fist punches in the face and head. When the officer went to assist the officer being attacked, another inmate began striking that officer. The situation was ultimately brought under control only when other staff arrived at the scene. Petitioner was thereafter charged in a misbehavior report with assaulting staff, engaging in violent conduct and disturbing the order of the facility. He was found guilty of the charges follow-

ing a tier III disciplinary hearing and a penalty of, among other things, 60 months of confinement in the special housing unit (hereinafter SHU) was imposed. The determination was subsequently affirmed on administrative appeal and this CPLR article 78 proceeding ensued.* Initially, we find no merit to petitioner's claim that the Hearing Officer violated 7 NYCRR 254.1 by presiding over the disciplinary hearing. Although the Hearing Officer was responsible for preparing the unusual incident report in his position as captain of the facility, he was not personally involved in the incident or the investigation and did not author the misbehavior report. Notably, the regulation specifically provides that a captain is an appropriate person to conduct a disciplinary hearing and the fact that the Hearing Officer had administrative responsibilities did not preclude him from doing so (*see e.g. Matter of Parker v Fischer*, 70 AD3d 1086, 1087 [2010]; *Matter of Sime v Goord*, 30 AD3d 887, 888 [2006], *lv denied* 7 NY3d 717 [2006]).

Petitioner next contends that an excessive penalty was imposed, noting that 60 months significantly exceeds the period of SHU confinement recommended for assaultive behavior in the disposition guidelines promulgated by the Department of Corrections and Community Supervision. We note that the record fails to reveal petitioner's disciplinary history, an aggravating or mitigating circumstance that is highly relevant in claims involving lengthy periods of SHU confinement (*see e.g. Matter of Serrano v Goord*, 266 AD2d 661, 662 [1999], *lv denied* 94 NY2d 762 [2000]; *Matter of Sheppard v Goord*, 264 AD2d 916, 917 [1999]; *Matter of Scott v Coombe*, 228 AD2d 996, 998 [1996], *lv denied* 89 NY2d 801 [1996]). Nonetheless, we find an unusually harsh sanction to be supported in the circumstances here. Petitioner's offense was an unprovoked, violent attack upon a correction officer that the Hearing Officer found to be "well-planned [and] premeditated." The circumstances posed a tremendous risk of escalation and danger to the overall security of the facility. Noting that this Court has upheld similarly lengthy penalties in cases involving "such disruptions as escape, riots, fighting, and other dangerously violent behavior" (*Matter of Miller v Captain Brereton*, 98 AD3d 824, 826 [2012, Garry, J., dissenting]), we are not persuaded that this penalty is so disproportionate to the offense as to be shocking to one's sense

---

* Although the petition raised a question of substantial evidence and, accordingly, the proceeding was properly transferred to this Court, petitioner has abandoned this issue by not advancing a substantive argument regarding the same in his brief (*see Matter of Davila v Prack*, 113 AD3d 978, 978 n [2014], *lv denied* 23 NY3d 904 [2014]).

of fairness (*see Matter of Ford v Smith*, 23 AD3d 874, 875-876 [2005], *lv denied* 6 NY3d 708 [2006]; *Matter of McBride v Selsky*, 257 AD2d 930, 930-931 [1999]).

Lahtinen, J.P., Stein, Garry, Egan Jr. and Devine, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.