*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: March 10, 2016          521346
_____

In the Matter of LAMAR JONES,
             Petitioner,

    v

D. VENETTOZZI, as Acting             MEMORANDUM AND JUDGMENT
    Director of Special Housing
    and Inmate Disciplinary
    Programs,
             Respondent.
_____

Calendar Date: January 19, 2016

Before: McCarthy, J.P., Egan Jr., Rose and Clark, JJ.

_____

Lamar Jones, Woodbourne, petitioner pro se.

Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.

_____

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate, was charged in a misbehavior report with providing false information, violating telephone procedures and violating family reunion program procedures. According to the misbehavior report, petitioner had submitted an application to marry a woman named Sherelle Penn-Parks; however, during the course of an investigation of that marriage application by the Deputy Superintendent of Programs, it was discovered that petitioner, who did not share a common parent with Penn-Parks,

also had previously listed Penn-Parks as his "sister" on his telephone contact list and on a family reunion program application.  Following a tier III disciplinary hearing, petitioner was found guilty of all three charges.  That determination was affirmed on administrative appeal, prompting this CPLR article 78 proceeding.

We confirm.  We find that the misbehavior report, together with the testimony of the Deputy Superintendent of Programs who authored it and the Offender Rehabilitation Counselor, provide substantial evidence supporting the determination of guilt on all three charges (see Matter of Jackson v Fischer, 90 AD3d 1432, 1433-1434 [2011]; Matter of Dennis v Bezio, 82 AD3d 1398, 1399 [2011]).  At the hearing, petitioner also expressly acknowledged in his testimony that Penn-Parks was not legally his sister. Further, inasmuch as petitioner testified that he did not intend to mislead prison officials because he and Penn-Parks were "brother and sister in faith" and because Penn-Parks was his stepsister due to a "common[-]law marriage" between one of his parents and one of Penn-Parks' parents, the latter contention was unsubstantiated, and both constituted credibility issues for the Hearing Officer to resolve (see Matter of James v New York State Dept. of Corr. & Community Supervision, 127 AD3d 1537, 1537 [2015]; Matter of Reddish v Fischer, 107 AD3d 1265, 1266 [2013]).

We further reject petitioner's contention that the Hearing Officer did not conduct a fair and impartial hearing and find nothing in the record to indicate that the outcome of the hearing flowed from any alleged bias or was influenced by petitioner's previous grievance filed in relation to a six-month suspension of Penn-Parks' visitation privileges, which the Hearing Officer explained at the hearing was of no concern or relevance to the allegations at issue in the misbehavior report.  Petitioner's remaining contentions have been examined and found to be either unpreserved or without merit.

McCarthy, J.P., Egan Jr., Rose and Clark, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court