Matter of Cornell v Annucci (2019 NY Slip Op 04836)





Matter of Cornell v Annucci


2019 NY Slip Op 04836


Decided on June 14, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 14, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., DEJOSEPH, NEMOYER, AND CURRAN, JJ.


440 CA 18-01187

[*1]IN THE MATTER OF TRAVIS J. CORNELL, PETITIONER-APPELLANT,
v
ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENT-RESPONDENT. 






WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (ADAM W. KOCH OF COUNSEL), FOR PETITIONER-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (JULIE M. SHERIDAN OF COUNSEL), FOR RESPONDENT-RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Wyoming County (Michael M. Mohun, A.J.), entered May 24, 2018 in a CPLR article 78 proceeding. The judgment dismissed the amended petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner appeals from a judgment dismissing his amended CPLR article 78 petition to annul respondent's determination, following a tier III hearing, that he violated various inmate rules. We affirm.
Insofar as relevant here, 7 NYCRR 254.1 precludes a person who "investigated the incident" from presiding at a tier III inmate disciplinary hearing. Contrary to petitioner's contention, however, the Hearing Officer in this case did not "investigate" the subject incident within the meaning of 7 NYCRR 254.1. Rather, the Hearing Officer merely authorized the removal of the suspected contraband from an evidence box for testing, and it is well established that such ministerial and "tangential" involvement in an investigation is not disqualifying under 7 NYCRR 254.1 (Matter of Grant v Coombe, 255 AD2d 996, 996 [4th Dept 1998]; see Matter of Barnes v Lee, 153 AD3d 1543, 1543 [3d Dept 2017]; Matter of Perkins v Fischer, 78 AD3d 1355, 1356 [3d Dept 2010]). Contrary to petitioner's further contention, the record does not establish any bias on the part of the Hearing Officer or that his determination flowed from any alleged bias (see Matter of Caldara v Annucci, 160 AD3d 1173, 1174 [3d Dept 2018]; Matter of Battle v Pignotti, 155 AD3d 1213, 1213 [3d Dept 2017]).
Finally, petitioner contends in passing that he was "denied his minimal due process rights under . . . the Constitution . . . when the hearing officer intentionally omit[ted] his involvement in [the] investigation." Petitioner did not raise that " specific argument' " in his amended petition, and it is therefore unpreserved for appellate review (U.S. Bank N.A. v DLJ Mtge. Capital, Inc., 33 NY3d 84, 89 [2019], quoting Matter of New York City Asbestos Litig., 27 NY3d 1172, 1176 [2016]; see e.g. Matter of Johnson v Annucci, 161 AD3d 1471, 1472 [3d Dept 2018]; Matter of Pigmentel v Selsky, 19 AD3d 816, 817 [3d Dept 2005]). We have no discretionary authority to reach unpreserved contentions in proceedings to review administrative determinations pursuant to CPLR article 78 (see Matter of Khan v New York State Dept. of Health, 96 NY2d 879, 880 [2001]; Matter of Barnes v Venettozzi, 135 AD3d 1250, 1251 [3d Dept 2016]).
Entered: June 14, 2019
Mark W. Bennett
Clerk of the Court