Matter of Spencer v Martuscello (2025 NY Slip Op 06948)

Matter of Spencer v Martuscello

2025 NY Slip Op 06948

Decided on December 11, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 11, 2025

CV-24-2111
[*1]In the Matter of Devante Spencer, Petitioner,
v
Daniel F. Martuscello III, as Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:November 18, 2025

Before:Reynolds Fitzgerald, J.P., Lynch, Ceresia, Fisher and McShan, JJ.

Devante Spencer, Elmira, petitioner pro se.
Letitia James, Attorney General, Albany (Patrick A. Woods of counsel), for respondent.

Fisher, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
After an ongoing investigation revealed his unauthorized use and possession of a cell phone inside a correctional facility, petitioner, an incarcerated individual, was charged in a misbehavior report with unauthorized use of a phone, possessing contraband and smuggling. Following a frisk/pack of petitioner's cell on a later date, and discovery and confiscation of a security screw bit tool, he was charged in a second misbehavior report with possessing unauthorized tools. Following a combined tier III disciplinary hearing, petitioner was found guilty of the three charges contained in the first misbehavior report (unauthorized use of a phone, possessing contraband and smuggling) and, with regard to the two charges in the second misbehavior report, guilty of possessing unauthorized tools and not guilty of the charge of possessing contraband. The determination was upheld on administrative appeal, and this CPLR article 78 proceeding ensued.
We confirm. The determination of guilt is supported by the misbehavior reports, the hearing testimony, including the confidential testimony from the investigator submitted for our in camera review, the photographic evidence and the documentary evidence, which included subpoenaed cell phone records (see Matter of Rossi v Fischer, 118 AD3d 1213, 1213-1214 [3d Dept 2014]; Matter of Jackson v Fischer, 90 AD3d 1432, 1433-1434 [3d Dept 2011]; Matter of Kennedy v Coombe, 236 AD2d 726, 726 [3d Dept 1997]; see also Matter of Miller v Captain Brereton, 98 AD3d 824, 825 [3d Dept 2012]). Petitioner's assertion that he had no knowledge of the presence of the unauthorized tool in his cell was insufficient to defeat the inference of possession that arises whenever an unauthorized item is found in an area under an incarcerated individual's control (see Matter of Villafane v Annucci, 216 AD3d 1383, 1384 [3d Dept 2023]; Matter of Kennedy v Coombe, 236 AD2d at 726). His testimony in this regard, as well as his protestations of innocence, raised issues of credibility which were within the province of the Hearing Officer to resolve (see Matter of Jones v Uhler, 237 AD3d 1390, 1391 [3d Dept 2025]).
We also reject petitioner's contention that his right to counsel was violated by an alleged inadvertent recording of an attorney-client conversation between petitioner and his counsel. Although an incarcerated individual does not have a constitutional right to either retained or appointed counsel in a prison disciplinary proceeding (see Wolff v McDonnell, 418 US 539, 570 [1974]; Matter of Baxton v Annucci, 142 AD3d 1235, 1236 [3d Dept 2016]), he or she is "entitled to a reasonable opportunity to seek and receive the assistance of attorneys" (Matter of Jeckel v New York State Dept. of Corr., 111 AD3d 1180, 1181[*2][3d Dept 2013] [internal quotation marks and citation omitted]). In addition, under the Humane Alternatives to Long-Term Solitary Confinement Act (hereinafter the HALT Act) (L 2021, ch 93, § 5), an incarcerated individual has a statutory and regulatory right "to be represented by any attorney or law student, or by any paralegal or incarcerated person [at a disciplinary hearing] unless the department reasonably disapproves of such paralegal or incarcerated person based upon objective written criteria developed by the department" (Correction Law § 137 [6] [l]; see 7 NYCRR 251-5.2 [a]). At the hearing, where petitioner was represented by counsel by telephone (see 7 NYCRR 251-5.2 [b]), petitioner had a conversation with his attorney that might have been picked up by the hearing recorder. At the start of the hearing the following day, the Hearing Officer acknowledged the possibility of the recording, stated that he did not review any such recording, and advised petitioner that the hearing could be restarted with a new hearing officer at petitioner's request. The Hearing Officer was subsequently advised to delete the recording, which he did. Petitioner also declined the relief afforded to him of a new hearing with a new hearing officer, which would have fully remedied any purported prejudice that he might have alleged had the recording actually been listened to by the Hearing Officer. In view of the foregoing, we find that petitioner has failed to identify how the manner in which the representation that was provided violated his due process rights or otherwise violated his constitutional and/or statutory and regulatory right to representation in a disciplinary hearing setting (see Correction Law § 137 [6] [l]; 7 NYCRR 251-5.2 [a]). Moreover, to the extent that petitioner argues that the Hearing Officer was somehow impartial or biased due to the alleged inadvertent recording, we find such claim waived because petitioner declined appropriate remedial action — to wit, a new hearing with a new hearing officer — when it was offered to petitioner (cf. Matter of Blackshear v Coughlin, 185 AD2d 493, 493 [3d Dept 1992]). Contrary to petitioner's contention, there is also no indication that the Hearing Officer was biased or that the determination flowed from any alleged bias predicated upon the Hearing Officer's denial of petitioner's request for documentary evidence that either did not exist or that was irrelevant to the determination of guilt (see Matter of Angarita v Annucci, 153 AD3d 1535, 1535 [3d Dept 2017]).
Turning to petitioner's challenge to the penalty imposed under the HALT Act (Correction Law § 137 [6] [i] [i], [ii], as amended by L 2021, ch 93, § 5), we agree with petitioner, for the reasons stated in Matter of Peterkin v New York State Dept. of Corr. & Community Supervision (242 AD3d 26, 32 [3d Dept 2025]), that the penalty of 270 days of confinement in the special housing unit [FN1] was in clear violation of the HALT Act. However, inasmuch as petitioner [*3]already served his confinement penalty, his challenge to the confinement sanction and corresponding request for declaratory relief is moot (see Matter of Coggins v Rodriguez, 236 AD3d 1285, 1287 [3d Dept 2025]; Matter of Smith v Annucci, 232 AD3d 1014, 1015 [3d Dept 2024]). We again take this opportunity to remind respondent that "hearing officers have no authority to disregard the HALT Act's statutory limitations and requirements by substituting their own judgment and imposing penalties beyond those which the law allows — for whatever reason" (Matter of Peterkin v New York State Dept. of Corr. & Community Supervision,242 AD3d at 32). Moreover, the fact that the HALT Act refers to "plac[ing]" an incarcerated individual in segregated confinement does not provide authority for a hearing officer to disregard these limitations in setting penalties (Correction Law § 137 [6] [k] [i]; see 7 NYCRR 254.1). Finally, to the extent that petitioner's institutional records were not amended to reflect a confinement sanction consistent with that permitted by the HALT Act, we direct respondent to do so (see Matter of Peterkin v New York State Dept. of Corrections and Community Supervision,242 AD3d at 32). Given the foregoing, we remit to respondent to impose a penalty consistent with the HALT Act (cf. id.). To the extent that petitioner's remaining contentions are properly before us and have not been specifically addressed, they are either academic in light of our decision or have been examined and found to be lacking in merit.
Reynolds Fitzgerald, J.P., Lynch, Ceresia and McShan, JJ., concur.
ADJUDGED that the determination is modified, without costs, and petition partially granted to the extent of vacating the penalty imposed; matter remitted to respondent for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

Footnotes

Footnote 1: The HALT Act provides that "[s]egregated confinement" is "the confinement of an incarcerated individual in any form of cell confinement for more than [17] hours a day" (Correction Law § 2 [23]; see Matter of Peterkin v New York State Dept. of Corrections and Community Supervision, 242 AD3d at 29 n 3).