■ In the Matter of JEFFREY M. DUBAN, Appellant, v STATE BOARD OF LAW EXAMINERS et al., Respondents.—Casey, J. P. Appeal from a judgment of the Supreme Court (Keniry, J.), entered September 30, 1988 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent State Board of Law Examiners denying petitioner's request for certain information regarding his bar examination results.

Petitioner, who sat for and passed the July 1986 New York bar examination, seeks release of certain of his test scores from that examination pursuant to the Freedom of Information Law (Public Officers Law art 6). The record reveals, however, that in accordance with its normal practice (see, 22 NYCRR 520.7 [c]), respondent State Board of Law Examiners destroyed petitioner's examination in November 1987 or February 1988 and cannot produce the information sought by petitioner. Since the parties' rights cannot be affected by a determination of this appeal, it is moot and must be dismissed unless it falls within the exception "which permits the courts to preserve for review important and recurring issues which, by virtue of their relatively brief existence, would be rendered otherwise nonreviewable" (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714). There are three common factors in those cases where the exception has been applied: "(1) a likelihood of repetition, either between the parties or among other members of the public; (2) a phenomenon typically evading review; and (3) a showing of significant or important questions not previously passed on, i.e., substantial and novel issues" (supra, at 714-715). In our view, this case contains none of these factors.

Since it is unlikely that petitioner will sit for the bar examination again, there is little likelihood of any repetition between the parties. Only a very narrow segment of the public ever sits for a bar examination and there is nothing to indicate that any significant number of those who pass the examination have any further interest in their test scores.

This case does not involve a phenomenon typically evading review (see, Matter of Pasik v State Bd. of Law Examiners, 102 AD2d 395 [where the "phenomenon" was in fact reviewed by the First Department]). We note that petitioner was informed that he passed the examination in November 1986 and he did not make a request for additional information about his test results until September 1987. Petitioner first indicated that he was requesting the information under the Freedom of Information Law in a letter dated October 20, 1987. Accordingly, the fact that petitioner cannot obtain the relief he seeks in this proceeding is due in large part to his own delay in requesting the information. There is nothing in the record to suggest that respondents acted in bad faith.

We also conclude that the issue here is neither significant nor important enough to merit judicial review where the issue is moot. Since the bar examinations are private and confidential (Judiciary Law § 90 [10]), the public in general has no

interest in the resolution of the issue raised on this appeal. As previously noted, the number of individuals who might be interested is relatively insignificant. Also, since the only real impact the bar examination has on an applicant terminates when the applicant passes the examination, we are of the view that the interest of those who passed the examination and are curious about their actual test scores is not the type of significant or important issue that requires an exception to the mootness doctrine.

Appeal dismissed, as moot, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.