■ In the Matter of ERIC H. SILLS, Appellant, v NEW YORK STATE DIVISION OF STATE POLICE et al., Respondents. [669 NYS2d 990] —Peters, J. Appeal from a judgment of the Supreme Court (Teresi, J.), entered September 3, 1997 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents denying petitioner's request for certain documents under the Freedom of Information Law.

Pursuant to the Freedom of Information Law (Public Officers Law art 6) (hereinafter FOIL), petitioner requested copies of portions of the State Police Breath Test Operator's Training Course Manual (hereinafter manual) pertaining to "field sobriety" or "divided attention" tests that were being used in 1989/1990 or when Trooper Michelle Smith attended the State Police Academy. Such request was denied by respondent Division of State Police on the basis, *inter alia*, that the requested records were compiled for law enforcement purposes and, if disclosed, would interfere with its investigations (*see*, Public

Officers Law § 87 [2] [e] [i]) and would reveal criminal investigative techniques or procedures (Public Officers Law § 87 [2] [e] [iv]).

After an unsuccessful administrative appeal, this proceeding was commenced pursuant to CPLR article 78. While respondents answered by reaffirming the legitimacy of their original denial, they asserted, *inter alia*, as an affirmative defense that they did not maintain copies of the records. As detailed in the affirmation of Assistant Attorney-General Keith Kammerer, annexing, *inter alia*, the affidavit of Sergeant John Deans, when copies of the requested documents were sought for in camera inspection in connection with this proceeding, it was learned for the first time that the documents were not maintained by respondents. Therefore, regardless of whether the exemptions shielded such documents from disclosure, respondents contended that they were unable to produce them. On that basis, Supreme Court dismissed the petition, prompting petitioner's appeal.

We find the record to adequately establish that copies of the requested manuals are no longer maintained by respondents, thus rendering the FOIL controversy concerning such documents moot (*see, Matter of Duban v State Bd. of Law Examiners*, 157 AD2d 946, 947, *lv dismissed* 75 NY2d 945). In so finding, we reject petitioner's contention that the mere issuance of the manual to its trainees rendered each manual the property of the State Police and each trainee an available source from which such records could be requested (*cf., Matter of Gould v New York City Police Dept.*, 89 NY2d 267, 278-279).

Absent an exception to the mootness doctrine not present here (*see, Matter of Duban v State Bd. of Law Examiners*, *supra*, at 947), we find no basis to disturb the determination rendered.

Cardona, P. J., Mercure, White and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.