■ In the Matter of FRANK WELLS, Petitioner, v DONALD SELSKY, as Director of Special Housing, et al., Respondents. [725 NYS2d 682] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Substantial evidence supports the determination finding petitioner guilty of violating prison disciplinary rules prohibiting the possession of weapons, possession of an altered item, disobeying a direct order and refusing to be frisked (*see, Matter of Mateo v Goord*, 265 AD2d 772). In addition to pleading guilty to the charges of disobeying a direct order and refusing to be frisked, the misbehavior report and testimony at the hearing established that, rather than comply with a correction officer's order to be frisked, petitioner ran into the bathroom and threw three sharpened pieces of metal into the toilet.

The fact that the Hearing Officer had been the officer of the day at the time of the incident in question did not disqualify him from presiding over the hearing (*see, Matter of Marquez v Mann*, 188 AD2d 956). Furthermore, we reject petitioner's contention that comments made by the Hearing Officer during the course of the hearing were indicative of bias (*see, Matter of Steward v Selsky*, 266 AD2d 605, 606; *Matter of Nicholas v Schriver*, 259 AD2d 863). In any event, the record establishes that the outcome of the hearing resulted from the evidence in the record and not from any alleged bias (*see, id.*). Additionally, inasmuch as petitioner failed to challenge the adequacy of his employee assistance at the hearing or upon administrative appeal, this contention has not been preserved for our review.

Lastly, as conceded by the Attorney General, in reviewing the Hearing Officer's disposition of guilt it appears that the penalty imposed is based, in part, upon the Hearing Officer's conclusion that petitioner was guilty of distributing weapons, a violation not charged in the misbehavior report. Although the penalty of 365 days has been served, the recommendation of loss of good time must be annulled and the matter remitted to the respondents for reconsideration of the penalty of recommended loss of good time.

Cardona, P. J., Mercure, Peters, Spain and Mugglin, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as recommended loss of good time; matter remitted to respondents for an administrative redetermination of the penalty of recommended loss of good time; and, as so modified, confirmed.