■ In the Matter of JASTON COLEMAN, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [836 NYS2d 369]—

Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

A search of petitioner's prison cell revealed unauthorized items and papers, resulting in disciplinary proceedings. Petitioner challenges a determination finding him guilty of possessing unauthorized literature, possessing property in an unauthorized area, possessing contraband, tampering with an electrical device and possessing impermissible identification, all violations of prison disciplinary rules. We confirm. The

misbehavior report, together with the documentary evidence and the testimony of the correction officer who conducted the search, provide substantial evidence supporting the determination of guilt (*see Matter of Vizcaino v Selsky*, 26 AD3d 574 [2006], *lv denied* 7 NY3d 708 [2006]; *Matter of Smith v Goord*, 255 AD2d 1007 [1998]). Petitioner's exculpatory statements as to the nature and source of the items presented a credibility issue for the Hearing Officer to resolve (*see Matter of Miller v New York State Dept. of Correctional Servs.*, 295 AD2d 714, 714-715 [2002]; *Matter of McGoey v Selsky*, 260 AD2d 814, 815 [1999]).

Petitioner's procedural objections are unpersuasive. The record demonstrates that the hearing was conducted in a fair and impartial manner and the determination did not flow from any alleged bias on the part of the Hearing Officer (*see Matter of Cayenne v Goord*, 16 AD3d 782, 783-784 [2005]; *Matter of Sanchez v Selsky*, 8 AD3d 846, 846 [2004]). Additionally, the record shows that petitioner received meaningful assistance inasmuch as he was provided with the documentation that he requested. Finally, petitioner's contention that the misbehavior report inadequately described the charges is without merit in that it provided him with sufficient detail to make an effective defense (*see Matter of Abdur-Raheem v Mann*, 85 NY2d 113, 123 [1995]; *Matter of Parker v Laundree*, 234 AD2d 727, 727 [1996]). Petitioner's remaining contentions have been reviewed and determined to be without merit.

Cardona, P.J., Mercure, Crew III and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.