◼ In the Matter of LUKE MATTHEWS, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [849 NYS2d 132]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

While petitioner was in the visiting room with his wife, a correction officer observed a large bulge in the left front pocket of petitioner's pants as he started walking toward the bathroom. The officer ordered petitioner to stop, but he proceeded to partially enter the bathroom. When he exited, he was pat frisked, but the bulge was gone. The bathroom had been searched shortly before petitioner's entry and was found to be clean. It was searched again after petitioner's exit and a grey balloon, which was later determined to contain hashish and heroin, was found floating in the toilet. As a result, petitioner was charged in a misbehavior report with drug possession, smuggling, refusing a direct order and violating visiting room procedures. He was found guilty of the charges following a tier III disciplinary hearing and various penalties were imposed, including the revocation of visitation privileges with his wife. The determination was affirmed on administrative appeal with a modified penalty. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, documentary evidence and testimony of correction officers present during the incident provide substantial evidence supporting the determination of guilt (*see Matter of Coleman v Selsky*, 40 AD3d 1328, 1329 [2007]; *Matter of Martino v Goord*, 38 AD3d 958, 958 [2007]).

Petitioner's testimony that the contraband was left in the bathroom by an unidentified inmate who used it before him was contradicted by correction officers and, in any event, presented a credibility issue for the Hearing Officer to resolve (*see Matter of Thompson v Goord*, 37 AD3d 914, 914 [2007]). Furthermore, we find no error in the confinement of petitioner to the special housing unit pending the outcome of the disciplinary hearing (*see* 7 NYCRR 301.3 [a] [1]) or in the revocation of visitation privileges with his wife (*see* 7 NYCRR 200.4 [b]; 200.5 [a]).

Mercure, J.P., Peters, Rose, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.