In the Matter of ANTHONY PARKER, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [897 NYS2d 525]—

Proceeding pursuant to CPLR article 78 (transferred to this

Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with violating the prison disciplinary rules prohibiting engaging in sexual acts and requiring compliance with facility visitation procedures. The charges stemmed from petitioner being observed engaging in a sexual act with his wife during visitation. At a tier III disciplinary hearing, petitioner was found guilty of both charges. This determination was affirmed upon administrative review, although the penalty imposed was reduced. This CPLR article 78 proceeding ensued.

We confirm. Contrary to petitioner's contention, the determination of guilt is supported by substantial evidence in the form of the misbehavior report, together with the hearing testimony of the correction officer who authored it, the testimony of the correction officers present at the scene and the confidential testimony considered by the Hearing Officer in camera (*see Matter of Gonzalez v Prack*, 62 AD3d 1220, 1220 [2009], *lv denied* 13 NY3d 711 [2009]; *Matter of Odom v Selsky*, 58 AD3d 1060, 1061 [2009]). Moreover, the Hearing Officer properly assessed the reliability of the confidential informant by conducting an independent examination in camera (*see Matter of Estevez v Fischer*, 63 AD3d 1402, 1403 [2009]; *Matter of Britt v Fischer*, 54 AD3d 1087, 1087 [2008]).

We also reject petitioner's contention that he was denied the right to reply to evidence against him due to not having access to a videotape of the incident, as evidence was presented at the hearing that no such videotape existed (*see Matter of Ferrar v Selsky*, 1 AD3d 671, 672 [2003]). The record further establishes that, although the correction officer monitoring the cameras located in the visitation area arguably failed to follow proper procedure by not recording the incident, the failure to make the recording was not done in bad faith (*see Matter of Harris v Selsky*, 236 AD2d 723, 724 [1997]; *cf. Matter of Espinal v Coughlin*, 149 AD2d 904, 905 [1989]). Finally, the Hearing Officer's status as officer of the day at the time of the incident does not disqualify him from presiding over the hearing (*see Matter of Wells v Selsky*, 282 AD2d 799, 800 [2001]) and we find no evidence that the Hearing Officer was biased or that the determination flowed from any bias (*see Matter of Stallone v Fischer*, 65 AD3d 1410, 1410-1411 [2009], *lv denied* 13 NY3d 712 [2009]).

Mercure, J.P., Rose, Kavanagh, McCarthy and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.