■ In the Matter of DAVID OWENS, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [907 NYS2d 334]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Washington County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Following an incident during which petitioner, a prison inmate, turned abruptly towards correction officers while being frisked, he was served with a misbehavior report charging him with refusing to obey a direct order, attempted assault on staff and a movement regulation violation. Following a tier III

disciplinary hearing, petitioner was found guilty of the first two charges and not guilty of the movement violation. His administrative appeal proved unavailing, and he thereafter commenced this CPLR article 78 proceeding to challenge the determination.*

Initially, inasmuch as petitioner conceded during the hearing that he turned toward the correction officers after being instructed not to do so, that admission, along with the misbehavior report, testimony of the correction officers involved and investigative reports, provide substantial evidence to support the determination of guilt as to the direct order charge (*see Matter of Bosquet v Bezio*, 69 AD3d 1257, 1257 [2010]; *Matter of Davis v Fischer*, 64 AD3d 847, 847-848 [2009], *lv denied* 13 NY3d 709 [2009]). However, we do not reach the same conclusion with regard to the charge of attempted assault on staff. It is undisputed that although petitioner turned toward the correction officers, he made no attempt to kick, punch or strike them and was not acting in any manner that was aggressive or threatening. Thus, the record does not provide substantial evidence to support the determination that petitioner "attempt[ed] to inflict bodily [harm] upon any staff member" (7 NYCRR 270.2 [B] [1] [ii]), and that part of the determination must be annulled. As no loss of good time was imposed, we need not remit the matter for a redetermination of the penalty (*see Matter of Williams v Fischer*, 69 AD3d 1278, 1278 [2010]).

Cardona, P.J., Spain, Rose, Malone Jr. and McCarthy, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of attempted assault on staff; petition granted to that extent and respondent is directed to expunge all references thereto from petitioner's institutional record; and, as so modified, confirmed.

---

* It appears from the record that petitioner submitted a second petition to Supreme Court, dated June 10, 2009, under the same index No. 15134. That petition sought review of a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules following a tier III disciplinary hearing that concluded on January 8, 2009. Inasmuch as respondent did not answer that petition and that proceeding was not transferred by Supreme Court, it is not properly before this Court.