■ In the Matter of JUNIOR COLLINS, Petitioner, v JOSEPH BELLNIER, as Superintendent of Upstate Correctional Facility, Respondent. [913 NYS2d 405]—

Proceeding pursuant to CPLR article 78 (transferred to this

Court by order of the Supreme Court, entered in Franklin County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was observed by a correction officer removing something from his pocket and placing it in his mouth. The officer removed petitioner from his cell and gave him an order to spit out the object, but petitioner did not comply. Following a tier II disciplinary hearing, petitioner was found guilty of refusing a direct order and interfering with an employee, and that determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

The detailed misbehavior report, authored by the correction officer involved in the incident, is sufficient, by itself, to provide substantial evidence of petitioner's guilt with regard to the charge of refusing a direct order (see Matter of Rivera v Pilon, 59 AD3d 761, 762 [2009]; Matter of Igartua v Rivera, 58 AD3d 1046 [2009]). Notably, petitioner declined to call the report's author as a witness or to view a videotape of the incident when offered the opportunity to do so. Furthermore, his insistence that he never put anything in his mouth and, therefore, had nothing to spit out raised an issue of credibility to be resolved by the Hearing Officer (see Matter of Roussopoulas v Cunningham, 76 AD3d 730 [2010]; Matter of Lynch v Fischer, 76 AD3d 734 [2010]).

With respect to the charge of interfering with an employee, however, we reach a different conclusion. In our view, there is insufficient evidence from the misbehavior report alone to establish that petitioner "physically or verbally obstruct[ed] or interfere[d] with an employee at any time" (7 NYCRR 270.2 [B] [8] [i]; see Matter of Tevault v Fischer, 61 AD3d 1161, 1162-1163 [2009]). As such, that part of the determination must be annulled. Because there was no recommended loss of good time, however, we need not remit the matter for a redetermination of the penalty (see Matter of Owens v Fischer, 75 AD3d 1020, 1021 [2010]).

Finally, petitioner's contention that the hearing was not timely completed is without merit, inasmuch as the regulatory time limits for hearings are directory, not mandatory, and petitioner made no showing that he was prejudiced by the slight delay in requesting the otherwise valid extension (see Matter of Foster v Bezio, 62 AD3d 1222, 1223 [2009]).

Mercure, J.P., Spain, Malone Jr., Stein and Egan Jr., JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of interfering with an employee and imposed a penalty; petition

granted to that extent and respondent is directed to expunge all references thereto from petitioner's institutional record; and, as so modified, confirmed.