■ In the Matter of H. PATRICK BARCLAY, Petitioner, v J. KNOWLES, as Correction Officer, et al., Respondents. [914 NYS2d 347]—

Malone Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was served with a misbehavior report charging him with various disciplinary infractions after an incident in which he allegedly stood up in a crowded mess hall, threw his food tray in the air and engaged in an obscenity-laced tirade directed at another inmate. Following a tier III disciplinary hearing, petitioner was found guilty of engaging in violent conduct, creating a disturbance, wasting food and violating mess hall seating procedures. After his administrative appeal was unsuccessful, petitioner commenced this CPLR article 78 proceeding.

We confirm. The detailed misbehavior report, authored by a correction officer who observed the incident, along with the testimony of another correction officer who was present, provide substantial evidence to support the determination of guilt (see Matter of Lynch v Fischer, 76 AD3d 734, 735 [2010]; Matter of Owens v Fischer, 75 AD3d 1020, 1021 [2010]). Petitioner's contention that the actions he took were in self-defense presented a credibility issue to be resolved by the Hearing Officer (see Matter of Stone v Fischer, 62 AD3d 1064, 1065 [2009]).

Turning to petitioner's procedural arguments, we note first that a review of the record demonstrates that the hearing was completed in a timely fashion, with the proper extensions granted (see Matter of Reese v Bezio, 75 AD3d 1029, 1030 [2010]; Matter of Morusma v Fischer, 74 AD3d 1675, 1675-1676 [2010]). Contrary to petitioner's contention that he was denied the right

to present documentary evidence, the record reveals that no videotape recording of the incident was available (*see Matter of Parker v Fischer*, 70 AD3d 1086, 1087 [2010]; *Matter of Chavis v Goord*, 58 AD3d 954, 955 [2009]). Further, petitioner's claim that he was denied the right to call a certain witness is unpreserved for our review due to his failure to raise an objection during the hearing (*see Matter of Lopez v Fischer*, 69 AD3d 1076, 1077 [2010]).

The Hearing Officer did not err in taking testimony from two inmate witnesses outside of petitioner's presence, considering that petitioner was confined to the special housing unit due to the incident and the tape-recorded testimony was played during the hearing (*see* 7 NYCRR 254.5 [b]; *Matter of Parkinson v Selsky*, 49 AD3d 985, 986 [2008]). Although the hearing transcript did contain some gaps, they were not so pervasive as to preclude meaningful judicial review (*see Matter of Reese v Bezio*, 75 AD3d at 1030). Finally, the record demonstrates that the finding of guilt resulted from the evidence presented, rather than any hearing officer bias (*see id.*).

The remainder of petitioner's contentions have been reviewed and found to be either unpreserved or without merit.

Cardona, P.J., Mercure, Stein and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.