■ In the Matter of BRYAN SMITH, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [926 NYS2d 209]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

During a search of petitioner's cell, a number of items were recovered including, among other things, 134 stamps, a pencil sharpener with a razor, marked playing cards, four guitar cords and two thermos bottles. As a result, petitioner was charged in a misbehavior report with possessing excessive stamps, possessing gambling paraphernalia, stealing state property, possessing unauthorized tools, possessing contraband and smuggling. Following a tier III disciplinary hearing, he was found guilty of all of the charges, and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

Initially, respondent concedes that the part of the determination finding petitioner guilty of possessing unauthorized tools is not supported by substantial evidence. Upon reviewing the record, we agree and find that the determination must be annulled to such extent. Inasmuch as the penalty was modified after the determination was rendered to eliminate any loss of good time, the matter need not be remitted to respondent for a reassessment of the penalty (*see Matter of Sierra v Fischer*, 82 AD3d 1436, 1437 [2011]; *Matter of Collins v Bellnier*, 79 AD3d 1520, 1521 [2010]).

Turning to the remaining charges, petitioner admitted to having a large quantity of stamps in his possession and pleaded guilty to the charge of possessing excessive stamps. Therefore, he is precluded from challenging the determination of guilt with respect to this charge (*see Matter of Wilson v Kadien*, 69 AD3d 1104, 1104 [2010]; *Matter of Pedraza v Fischer*, 65 AD3d 1434, 1435 [2009]). As for the charge of possessing gambling paraphernalia, the misbehavior report and petitioner's admission to possessing the marked cards provides substantial evidence of his guilt (*see Matter of Mitchell v Fischer*, 81 AD3d 1013, 1014 [2011]; *Matter of Hernandez v Bezio*, 73 AD3d 1406, 1407 [2010]). His assertion that he used the cards in his exercise routine presented a credibility issue for the Hearing Officer to resolve (*see Matter of Kelly v Department of Correctional Servs.*, 75 AD3d 672, 673 [2010]; *Matter of McCloud v Selsky*, 45 AD3d 1127, 1128 [2007]). The misbehavior report and related documentation establishing that petitioner did not have authorization to possess a pencil sharpener with a removable blade, guitar cords or two thermos bottles at the correctional facility to which he had been transferred provides substantial evidence

supporting that part of the determination finding him guilty of possessing contraband and smuggling (*see Matter of Truman v Fischer*, 75 AD3d 1019, 1020 [2010]; *Matter of Cespedes v New York State Dept. of Correctional Servs.*, 68 AD3d 1429, 1430 [2009]). We reach a contrary conclusion, however, with respect to that part of the determination finding petitioner guilty of stealing state property inasmuch as no proof was presented supporting the inference that petitioner took the guitar cords from a facility program. Therefore, the determination must be annulled in this regard also. Petitioner's remaining contentions have either not been preserved for our review or are lacking in merit.

Mercure, J.P., Lahtinen, Malone Jr., Garry and Egan Jr., JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of possessing unauthorized tools and stealing state property; petition granted to that extent and respondent is directed to expunge all references thereto from petitioner's institutional record; and, as so modified, confirmed.