■ In the Matter of Injah Tafari, Appellant, v Albert Prack, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent. [932 NYS2d 599]—

Petitioner, a prison inmate, was found guilty of several prison disciplinary infractions pursuant to a January 5, 2007 tier III disciplinary hearing. Ultimately, this Court found that petitioner was improperly denied a witness, reversed the determination of guilt with respect to the charge of unauthorized organizational activity and remitted the matter to the Commissioner of Corrections and Community Supervision for further proceedings (*Matter of Tafari v Selsky*, 76 AD3d 1123, 1124 [2010], *lv dismissed* 16 NY3d 783 [2011]). Upon remittal, the Commissioner, in September 2010, dismissed the charge of unauthorized organizational activity but made no change to the previously imposed

penalty. Petitioner thereafter commenced this CPLR article 78 proceeding, contending that the Commissioner's actions were in violation of this Court's remittal order. Supreme Court dismissed the petition, and petitioner now appeals.

We affirm. Inasmuch as the Commissioner dismissed the charge of unauthorized organizational activity and the penalties assessed for the remaining charges of which petitioner was found guilty were within the permissible range and were not "shocking to one's sense of fairness," we find no error (*Matter of Phipps v Fischer*, 82 AD3d 1396, 1397 [2011]; *see Matter of Barton v New York State Dept. of Correctional Servs.*, 81 AD3d 1029, 1030 [2011]). With regard to petitioner's argument that the picture giving rise to the charge of unauthorized organizational activity should be returned to him, we note that the picture has been destroyed in conformity with departmental procedures, rendering his argument moot (*see e.g. Matter of Sills v New York State Div. of State Police*, 248 AD2d 920, 921 [1998]; *Matter of Duban v State Bd. of Law Examiners*, 157 AD2d 946, 947 [1990], *lv dismissed* 75 NY2d 945 [1990]).

Mercure, J.P., Peters, Malone Jr., Kavanagh and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.