■ In the Matter of WILLIAM J. HAUGHEY, Appellant, v THOMAS LaVALLEY, as Superintendent of Clinton Correctional Facility, Respondent. [934 NYS2d 524]—

Petitioner, a prison inmate, was lining up for early chow when a correction officer gave him a direct order to return to his dorm and change his brown shirt, which was not allowed in his work location. Petitioner returned wearing a white shirt with the brown shirt tucked into his back pocket. As a result, he was

charged in a misbehavior report with refusing a direct order, smuggling and having an authorized item in an unauthorized area. During a tier II disciplinary hearing, petitioner pleaded guilty to refusing a direct order and was found guilty of the remaining charges at the conclusion of the hearing. That determination was affirmed on administrative appeal, prompting petitioner to commence this CPLR article 78 proceeding. Supreme Court dismissed the petition and petitioner now appeals.*

Initially, we note that petitioner's guilty plea to refusing a direct order precludes him from challenging the determination with respect to that charge (*see Matter of Smith v Fischer*, 85 AD3d 1481, 1482 [2011]; *Matter of Kae v Bezio*, 79 AD3d 1496, 1497 [2010]). However, we agree with petitioner that substantial evidence does not support the remaining charges. With regard to the smuggling charge, we note that the only testimony was petitioner's denial and the misbehavior report indicates that the brown shirt in his pocket was clearly visible by correction officers upon his return from his dorm. As such, the misbehavior report alone does not provide substantial evidence to support that charge (*see Matter of Shannon v Fischer*, 84 AD3d 1614, 1615 [2011]; *Matter of Collins v Bellnier*, 79 AD3d 1520, 1521 [2010]). Furthermore, petitioner's testimony was undisputed that there was an area at the end of the hallway for inmates to hang their clothes before leaving the building and he had no plans to exit the building with the shirt. Because the misbehavior report does not state where petitioner was stopped or where he was headed when he was stopped, the report alone does not provide substantial evidence to support that charge either (*see Matter of Shannon v Fischer*, 84 AD3d at 1615).

Mercure, J.P., Rose, Kavanagh, Stein and Egan Jr., JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as dismissed that part of the petition seeking to annul the determination of guilt with respect to the charges of smuggling and having an authorized item in an unauthorized area; petition granted to that extent, that part of the determination annulled, and the Commissioner of Corrections and Community Supervision is directed to expunge all references thereto from petitioner's institutional record; and, as so modified, affirmed.

---

* Inasmuch as the petition raised a question of substantial evidence and therefore should have been transferred to this Court in the first instance, we will consider the issues de novo and render judgment accordingly (*see Matter of Hughes v Bezio*, 84 AD3d 1598, 1598 n [2011]).