In the Matter of ISRAEL VEGA, Petitioner, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES et al, Respondents. [937 NYS2d 705]—

Petitioner contends that he was denied a fair and impartial hearing, primarily because the Hearing Officer was the watch commander and was allegedly involved in the investigation of

the incidents leading to the misbehavior report.* We find this argument to be without merit. Although the Hearing Officer conceded that he acted as the watch commander and knew of the incidents, he stated that he did not witness the events and did not participate in the investigation. Given that the Hearing Officer did not "actually witness[ ] the incident[s]," was not "directly involved in the incident[s]," and did not "investigate[ ] the incident[s]," he was not disqualified from presiding over the hearing under the pertinent regulations (7 NYCRR 254.1; *see Matter of Parker v Fischer*, 70 AD3d 1086, 1087 [2010]). Furthermore, upon reviewing the hearing transcript, we do not find that the Hearing Officer was biased or that the determination flowed from any alleged bias (*see Matter of Truman v Fischer*, 75 AD3d 1019, 1020 [2010]; *Matter of Arnold v Fischer*, 60 AD3d 1177, 1177 [2009]). Petitioner's claims that he was improperly denied certain witnesses as well as documentation concerning the severity of the inmate's injuries are unavailing inasmuch as they were redundant or irrelevant to the assault charge (*see Matter of Caraway v Herbert*, 285 AD2d 778, 778-779 [2001]; *Matter of Mabry v Coughlin*, 196 AD2d 931 [1993], *lv denied* 82 NY2d 664 [1994]).

Mercure, A.P.J., Peters, Rose, Kavanagh and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* The petition arguably raised a question of substantial evidence precipitating the transfer of the proceeding to this Court, but petitioner has abandoned that issue by not addressing it in his brief (*see Matter of Grant v Prack*, 86 AD3d 885, 886 n [2011]).