Spain, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.
The misbehavior report and testimony at the disciplinary hearing provide substantial evidence to support the determination finding petitioner guilty of harassment, refusing a direct order and making threats (see Matter of Harrington v Prack, 91 AD3d 1244, 1245 [2012]; Matter of Sweet v Woods, 60 AD3d 1183 [2009]). Petitioner’s contention that there is no evidence regarding any threats is belied by the detailed misbehavior report, which sets forth the language that petitioner directed toward the correction officer involved in the incident.
Turning to petitioner’s procedural challenges, the record reflects that the hearing was timely commenced in view of petitioner’s keeplock status at the time the misbehavior report was issued (see 7 NYCRR 251-5.1 [a]; Matter of Serrano v Goord, 28 AD3d 838 [2006]) and, subsequently, a valid extension to complete the hearing was obtained (see 7 NYCRR 251-5.1 [b]; Matter of Thompson v Votraw, 65 AD3d 1403, 1404 [2009]). Furthermore, there is no merit to petitioner’s assertion that he was improperly denied the right to call certain witnesses, as the record establishes that their proffered testimony would be either redundant or irrelevant to the charges (see Matter of Vega v *1539 New York State Dept. of Correctional Servs., 92 AD3d 991 [2012]). Moreover, at the conclusion of the hearing, petitioner explicitly waived his right to call any other witnesses.
Petitioner’s remaining contentions, including that the Hearing Officer should have recused himself and his challenge to the punishment imposed, are either unpreserved for our review or without merit.
Peters, RJ., Lahtinen, Kavanagh and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.