Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review two determinations of respondent which found petitioner guilty of violating certain prison disciplinary rules.
During a search of petitioner’s cell, a correction officer discovered a green leafy substance wrapped in tissue paper secreted inside a toilet paper roll. The substance tested positive for marihuana, and petitioner was charged in a misbehavior report with possessing a controlled substance. He was found guilty of this charge following a tier III disciplinary hearing and the determination was affirmed on administrative appeal.
Petitioner was charged in a second misbehavior report with using a controlled substance after a sample of his urine twice tested positive for the presence of THC. He was found guilty of this charge following a tier III disciplinary hearing and this determination was also affirmed on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding challenging both determinations. *
With regard to the determination finding petitioner guilty of possessing a controlled substance, petitioner argues that the disciplinary hearing was not conducted in accordance with the time requirements of 7 NYCRR 251-5.1. The record reveals that the misbehavior report was prepared on December 7, 2010, at which point petitioner was confined, and that the hearing commenced on December 14, 2010, within seven days thereof (see 7 NYCRR 251-5.1 [a]). On December 13, 2010, the Hearing Officer obtained an extension to complete the hearing by December 24, 2010, and the hearing was, in fact, completed on December *1119 23, 2010. Thus, there was proper compliance with the regulatory requirements (see Matter of Cruz v Fischer, 94 AD3d 1296, 1297 [2012]; Matter of Jones v Fischer, 94 AD3d 1298, 1298 [2012]). In any event, the regulatory time limits are directory, rather than mandatory, and petitioner has failed to show that he suffered prejudice as a result of the slight delay (see Matter of Collins v Bellnier, 79 AD3d 1520, 1521 [2010]).
With regard to the determination finding petitioner guilty of using a controlled substance, petitioner contends that he was improperly denied the right to call as a witness a certain inmate who provided a urine sample for testing the same day that he did. However, documentation in the record establishes that this inmate gave his sample after petitioner. Absent proof that he was present at the time that petitioner gave his sample, the inmate’s testimony was properly denied as irrelevant (see Matter of Tafari v Fischer, 94 AD3d 1324, 1325 [2012], lv denied 19 NY3d 807 [2012]; Matter of Barnes v Prack, 87 AD3d 1251, 1252 [2011]).
Mercure, J.E, Rose, Spain, Stein and Egan Jr., JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.

 While the petition arguably raised a question of substantial evidence and the matter was properly transferred to this Court, petitioner has not raised any such claim in his brief and has, therefore, abandoned it (see Matter of Vega v New York State Dept. of Correctional Seros., 92 AD3d 991, 992 n [2012]).