In the Matter of CEDRIC TURNER, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [954 NYS2d 281]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner stroked the hand of a female employee while she was working in the storeroom and made an inappropriate comment to her when she pulled her hand away. As a result, he was charged in a misbehavior report with stalking, assaulting staff and forcible touching. The same day, petitioner was directed to disrobe for a medical evaluation and to hand his clothing to a correction officer while facing forward at all times. He refused to face forward and became combative with the officer, resulting in a physical altercation in which other officers were involved. As a result, petitioner was charged in a second misbehavior report with refusing a direct order, engaging in violent conduct and assaulting staff. A tier III disciplinary hearing was thereafter conducted on the charges contained in both misbehavior reports. Petitioner was found guilty of all of the charges and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

With respect to that part of the determination finding petitioner guilty of assaulting staff, forcible touching and stalking as charged in the first misbehavior report, petitioner contends, among other things, that it is not supported by substantial evidence. Respondent concedes that this is the case and, upon reviewing the record, we agree (*see Matter of Croskery v LaValley*, 93 AD3d 1055, 1055 [2012]; *Matter of DeJesus v Prack*, 93 AD3d 985, 985 [2012]). Accordingly, that part of the determination must be annulled and we need not address petitioner's remaining argument in relation thereto.

Turning to that part of the determination finding petitioner guilty of the charges contained in the second misbehavior report, petitioner contends that the Hearing Officer was biased and should have recused himself because he acquired knowledge of the incident through memoranda provided to him from correction officers involved. We disagree. While the Hearing Officer may have acquired general knowledge of the incident through his status as a high ranking security officer, he was not present

during the incidents in question and did not participate in the investigation. Consequently, he was not required to recuse himself (*see* 7 NYCRR 254.1; *Matter of Parker v Fischer*, 70 AD3d 1086, 1087 [2010]; *Matter of Sime v Goord*, 30 AD3d 887, 888 [2006], *lv denied* 7 NY3d 717 [2006]), and there is nothing in the record to substantiate petitioner's claim that the Hearing Officer was biased or that he failed to conduct the hearing in a fair and impartial manner (*see Matter of Genis v New York State Dept. of Correctional Servs.*, 80 AD3d 1032, 1033 [2011]; *Matter of Ohnmacht v Goord*, 47 AD3d 1030 [2008], *appeal dismissed* 10 NY3d 954 [2008]). Furthermore, we have reviewed the transcript of the disciplinary hearing and find no merit to petitioner's claim that missing portions of the hearing tape preclude meaningful review (*see Matter of Williams v Fischer*, 92 AD3d 1053, 1054 [2012]; *Matter of Barclay v Knowles*, 79 AD3d 1550, 1551 [2010]). We also conclude that the determination finding petitioner guilty of assaulting staff, engaging in violent conduct and refusing a direct order as charged in the second misbehavior report is supported by substantial evidence and we, therefore, find no reason to disturb such determination. However, in view of our annulment of the charges contained in the first misbehavior report, because a loss of good time was imposed, the matter must be remitted for a redetermination of the penalty (*see Cooper v Fischer*, 89 AD3d 1336, 1337 [2011]; *Matter of Osorio v Fischer*, 87 AD3d 1206, 1207 [2011]).

Rose, J.P., Malone Jr., Stein, McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of assaulting staff, forcible touching and stalking, and imposed a penalty; petition granted to that extent, respondent is directed to expunge all references thereto from petitioner's institutional record and matter remitted to respondent for an administrative redetermination of the penalty imposed on the remaining violations; and, as so modified, confirmed.