██ In the Matter of DAVID BROOKS, Appellant, v DAVID UNGER, as Superintendent of Wyoming Correctional Facility, et al., Respondents. [972 NYS2d 740]—

Appeal from a judgment of the Supreme Court (Connolly, J.), entered January 18, 2012 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was charged in a misbehavior report with disobeying a direct order, possession of stolen property and possession of authorized property in an unauthorized area. The charges stemmed from petitioner's possession in his cube of a keyboard and adaptor belonging to the therapeutic music program despite being informed that the personal use of such instruments by music therapy participants such as petitioner was no longer permitted. Petitioner was found guilty following a tier III disciplinary hearing and, after an unsuccessful administrative appeal, commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition and this appeal ensued.*

Contrary to petitioner's contention, the misbehavior report and testimony at the hearing provide substantial evidence to support the determination of guilt (*see Matter of Branch v Goord*, 4 AD3d 699, 700 [2004]). Furthermore, although the Hearing Officer was aware of the incident, there is no indication that he was involved in or investigated the incident so as to require his recusal (*see Matter of Turner v Fischer*, 100 AD3d 1310, 1310 [2012]). We have reviewed petitioner's remaining contentions regarding the hearing transcript and find them to be either without merit or unpreserved for our review.

Peters, P.J., McCarthy, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* Although the petition raised a question of substantial evidence and therefore should have been transferred to this Court in the first instance, we will consider the issues de novo and render judgment accordingly (*see Matter of Haughey v LaValley*, 89 AD3d 1344, 1345 n [2011]).