Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.
While a correction officer was handing out food trays to inmates, petitioner allegedly threatened to throw feces at the officer when he returned to collect the trays. The officer ordered *1264 petitioner to pack his property because he was moving and petitioner refused. Petitioner continued to resist the officer’s orders and the extraction team was called, at which point petitioner was moved to another cell without further incident. As a result, petitioner was charged in a misbehavior report with making threats, refusing a direct order, interfering with an employee, creating a disturbance and violating facility movement regulations. Following a tier III disciplinary hearing, petitioner was found guilty of the charges. The determination was upheld on administrative appeal with a modified penalty. This CPLR article 78 proceeding ensued.
Initially, respondent concedes and we agree, upon reviewing the record, that the misbehavior report failed to provide petitioner with adequate notice of the charges of interfering with an employee and creating a disturbance, and substantial evidence does not support the determination finding petitioner guilty of making threats (see Matter of Madden v Griffin, 109 AD3d 1060, 1061 [2013], lv denied 22 NY3d 860 [2014]; Matter of Walker v Fischer, 108 AD3d 999, 1000 [2013]; Matter of Simmons v Fischer, 105 AD3d 1288, 1289 [2013]). As for the determination finding petitioner guilty of refusing a direct order and violating facility movement regulations, the misbehavior report and videotape of the incident provide substantial evidence of petitioner’s guilt (see Matter of Sweet v Woods, 60 AD3d 1183 [2009]). However, given that a loss of good time was originally imposed and petitioner has not yet served the entire penalty, the matter must be remitted to respondent for a redetermination of the penalty on these two charges (see Matter of Lanfranco v Fischer, 105 AD3d 1235, 1236 [2013], lv dismissed 22 NY3d 929 [2013]; Matter of Gittens v New York State Dept. of Correctional Servs., 87 AD3d 1194, 1195 [2011]). Petitioner’s remaining challenges are either unpreserved for our review, need not be addressed in light of our disposition or are lacking in merit.
Lahtinen, J.P., McCarthy, Rose and Egan Jr., JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of making threats, interfering with an employee and creating a disturbance and imposed a penalty; petition granted to that extent, respondent is directed to expunge all references thereto from petitioner’s institutional record and matter remitted to respondent for an administrative redetermination of the penalty on the remaining violations; and, as so modified, confirmed.