*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: July 31, 2014                    518052
_____

In the Matter of ADRIAN
     BELLINGER,
                              Petitioner,

          v

                                        MEMORANDUM AND JUDGMENT
D. VENETTOZZI, as Acting
     Director of Special
     Housing and Inmate
     Disciplinary Programs,
                              Respondent.
_____

Calendar Date:   June 9, 2014

Before:   Lahtinen, J.P., Stein, McCarthy, Rose and Egan Jr., JJ.

                         _____


          Adrian Bellinger, Albion, petitioner pro se.

          Eric T. Schneiderman, Attorney General, Albany (Peter H.
Schiff of counsel), for respondent.

                         _____


          Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of the Commissioner of Corrections and
Community Supervision which found petitioner guilty of violating
certain prison disciplinary rules.

          Petitioner, a prison inmate, was charged in a misbehavior
report with refusing a direct order, possession of drugs and
possession of gang materials.  The charges stemmed from an
incident wherein a correction officer ordered petitioner to empty
his pockets.  Petitioner responded by throwing three "joint-type"
cigarettes on the ground; he did not, however, produce a note
secreted in one of his pockets.  Following a tier III

disciplinary hearing, the Hearing Officer found petitioner guilty as charged and assessed a penalty that included a recommended loss of three months of good time. All of the charges except for refusing a direct order were dismissed upon administrative appeal, but the loss of good time was not modified. This CPLR article 78 proceeding ensued.

We confirm. Substantial evidence, in the form of the misbehavior report and the testimony of the correction officer who ordered petitioner to empty his pockets and later found the note during a pat frisk, supports the determination that petitioner refused a direct order (see Matter of Matthews v Goord, 47 AD3d 1043, 1043 [2008]; Matter of Archie v Great Meadow Correctional Facility, 243 AD2d 808, 808 [1997]). Contrary to petitioner's contention, the Hearing Officer was not required to recuse herself because she was on duty at the time of the incident and was aware that it had occurred (see Matter of Turner v Fischer, 100 AD3d 1310, 1310-1311 [2012]; Matter of Vega v New York State Dept. of Correctional Servs., 92 AD3d 991, 992 [2012]; 7 NYCRR 254.1). As a final matter, we cannot say that the recommended loss of good time is shocking to one's sense of fairness, notwithstanding the fact that it remained unchanged despite all but one of the charges against petitioner having been dismissed (see Matter of Tafari v Prack, 89 AD3d 1311, 1312 [2011], lv denied 18 NY3d 808 [2012]).

Petitioner's remaining contentions have been considered and are unavailing.

Lahtinen, J.P., Stein, McCarthy, Rose and Egan Jr., JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.


ENTER:

Robert D. Mayberger
Clerk of the Court