Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.
Petitioner, a prison inmate, was charged in a misbehavior report with refusing a direct order, possession of drugs and possession of gang materials. The charges stemmed from an *1312 incident wherein a correction officer ordered petitioner to empty his pockets. Petitioner responded by throwing three “joint-type” cigarettes on the ground; he did not, however, produce a note secreted in one of his pockets. Following a tier III disciplinary hearing, the Hearing Officer found petitioner guilty as charged and assessed a penalty that included a recommended loss of three months of good time. All of the charges except for refusing a direct order were dismissed upon administrative appeal, but the loss of good time was not modified. This CPLR article 78 proceeding ensued.
We confirm. Substantial evidence, in the form of the misbehavior report and the testimony of the correction officer who ordered petitioner to empty his pockets and later found the note during a pat frisk, supports the determination that petitioner refused a direct order (see Matter of Matthews v Goord, 47 AD3d 1043, 1043 [2008]; Matter of Archie v Great Meadow Correctional Facility, 243 AD2d 808, 808 [1997]). Contrary to petitioner’s contention, the Hearing Officer was not required to recuse herself because she was on duty at the time of the incident and was aware that it had occurred (see Matter of Turner v Fischer, 100 AD3d 1310, 1310-1311 [2012]; Matter of Vega v New York State Dept. of Correctional Servs., 92 AD3d 991, 992 [2012]; 7 NYCRR 254.1). As a final matter, we cannot say that the recommended loss of good time is shocking to one’s sense of fairness, notwithstanding the fact that it remained unchanged despite all but one of the charges against petitioner having been dismissed (see Matter of Tafari v Track, 89 AD3d 1311, 1312 [2011], lv denied 18 NY3d 808 [2012]).
Petitioner’s remaining contentions have been considered and are unavailing.
Lahtinen, J.P, Stein, McCarthy, Rose and Egan Jr., JJ., concur.
Adjudged that the determination is confirmed, without costs, and petition dismissed.