*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  August 6, 2015          519963
_____

In the Matter of MARCUS
    TELESFORD,
                    Petitioner,

            v                              MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                    Respondent.
_____

Calendar Date:   June 8, 2015

Before:  Lahtinen, J.P., McCarthy, Rose and Devine, JJ.

                    _____

        Marcus Telesford, Comstock, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H. Schiff of counsel), for respondent.

                    _____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

        During a search of petitioner's cell, a correction officer found handwritten material containing gang-related references. As a result, petitioner was charged in a misbehavior report with possessing gang-related material.  Following a tier III disciplinary hearing, he was found guilty of the charge.  The determination was later affirmed on administrative appeal and this CPLR article 78 proceeding ensued.

        We confirm.  The misbehavior report, written documentation

that was recovered from petitioner's cell and hearing testimony provide substantial evidence supporting the determination of guilt (see Matter of Smith v Prack, 98 AD3d 780, 781 [2012]; Matter of Moore v Fischer, 76 AD3d 737, 737 [2010]).  There is no merit to petitioner's claim that the Hearing Officer erred in failing to independently assess the reliability of certain confidential information inasmuch as such information did not constitute evidence upon which the determination was based (see Matter of Horne v Fischer, 98 AD3d 788, 789 [2012]; Matter of Daniel v Fischer, 86 AD3d 892, 892 [2011]).  Rather, the confidential information was the certification of the correction officer trained in deciphering gang-related references, and we find that his training and qualifications were adequately established without further inquiry by the Hearing Officer.  We have considered petitioner's remaining claims, including his challenge to the sufficiency of the videotape, and find them to be unavailing.

        Lahtinen, J.P., McCarthy, Rose and Devine, JJ., concur.


        ADJUDGED that the determination is confirmed, without costs, and petition dismissed.




                        ENTER:

                        Robert D. Mayberger
                        Clerk of the Court