*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: December 10, 2015          520214
_____

In the Matter of DONOVAN
    FERRIL,
                        Appellant,

        v                                    MEMORANDUM AND ORDER

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                        Respondent.
_____

Calendar Date:  October 27, 2015

Before:  Lahtinen, J.P., Egan Jr., Rose and Lynch, JJ.

                    _____

        Donovan Ferril, East Elmhurst, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J.
Mastracco of counsel), for respondent.

                    _____

        Appeal from a judgment of the Supreme Court (McGrath, J.),
entered November 12, 2014 in Albany County, which dismissed
petitioner's application, in a proceeding pursuant to CPLR
article 78, to review a determination of respondent finding
petitioner guilty of violating certain prison disciplinary rules.

        Petitioner commenced this CPLR article 78 proceeding
challenging a determination finding him guilty of disobeying a
direct order and possession of authorized material in an
unauthorized area.  Specifically, the charges stemmed from the
discovery of several sexually explicit magazine pages in
petitioner's cell that, given petitioner's participation in a sex
offender counseling and treatment program, were prohibited from
being in his possession.  Petitioner was found guilty of both

charges following a tier III disciplinary hearing.  The
determination was affirmed on administrative appeal, prompting
petitioner to commence this CPLR article 78 proceeding.  Supreme
Court dismissed the petition and this appeal ensued.[1]

Initially, respondent concedes – and upon our review of the
transcript we agree – that substantial evidence does not support
that part of the determination finding petitioner guilty of
disobeying a direct order.  Accordingly, the determination must
be annulled to that extent and all references thereto expunged
from petitioner's institutional record.  Given that the penalty
imposed included loss of good time, the matter must be remitted
for a redetermination of the penalty.

Turning to the remaining charge, the misbehavior report and
related documentation, together with the testimony from the
correction officer who discovered the magazine pages, provide
substantial evidence to support the determination of guilt
(see Matter of Brooks v Unger, 110 AD3d 1122, 1122 [2013]; Matter
of Coleman v Selsky, 40 AD3d 1328, 1328-1329 [2007]).
Petitioner's contention that the discovered material was not his
presented a credibility issue for the Hearing Officer to resolve
(see Matter of Coleman v Selsky, 40 AD3d at 1329).  Petitioner's
remaining contentions are either unpreserved or without merit.

Lahtinen, J.P., Egan Jr., Rose and Lynch, JJ., concur.

---

[1]  Although the petition raises a question of substantial
evidence and the matter "should have been transferred to this
Court in the first instance, we will consider the issues de novo
and render judgment accordingly" (Matter of Brooks v Unger, 110
AD3d 1122, 1123 n [2013]).

ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof as dismissed that part of the petition seeking to annul the determination of guilt with respect to the charge of refusing a direct order; petition granted to that extent, that part of the determination annulled, respondent is directed to expunge all references to this charge from petitioner's institutional record, and matter remitted to respondent for an administrative redetermination of the penalty on the remaining violation; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court