## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  March 3, 2016                521130
_____

In the Matter of INJAH UNIQUE
    TAFARI,
                    Petitioner,

        v                                    MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                    Respondent.
_____


Calendar Date:  January 19, 2016

Before:  Garry, J.P., Rose, Lynch and Clark, JJ.

—————————


        Injah Unique Tafari, Elmira, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.

—————————


        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

        A correction official intercepted a letter that petitioner attempted to send to a street address that was on his negative correspondence list.  His former mother-in-law resided at that street address and had lodged a complaint with the correctional facility that petitioner had been harassing her with threatening letters.  The negative correspondence list stated that it applied to "anyone at this address."  The named addressee was petitioner's ex-wife who resided at the same street address as petitioner's former mother-in-law, although in a different

apartment.  The substance of the letter contained derogatory and threatening language.  As a result of this incident, petitioner was charged in a misbehavior report with violating facility correspondence procedures, making threats, engaging in harassment, stalking and refusing a direct order.  He was found guilty of the charges following a tier III disciplinary hearing.  The determination was later affirmed on administrative appeal and this CPLR article 78 proceeding ensued.

Initially, respondent concedes and we agree that substantial evidence does not support that part of the determination finding petitioner guilty of refusing a direct order (see Matter of Marino v Martuscello, 131 AD3d 749, 749 [2015], lv denied 26 NY3d 910 [2015]; Matter of Pulecio v Fischer, 109 AD3d 1068, 1069 [2013], lv denied 22 NY3d 858 [2014]).  We reach a different conclusion, however, with regard to the remainder of the determination.  The misbehavior report, documentary evidence and hearing testimony provide substantial evidence supporting the determination finding petitioner guilty of violating facility correspondence procedures, making threats, engaging in harassment and stalking (see Matter of Douglas v Fischer, 104 AD3d 981 [2013]; Matter of Kairis v Fischer, 54 AD3d 462, 463 [2008]).  Inasmuch as a loss of good time was imposed as part of the penalty and that part of the determination finding petitioner guilty of refusing a direct order must be annulled, the matter must be remitted to respondent for a redetermination of the penalty on the remaining violations (see Matter of Hyatt v Fischer, 116 AD3d 1263, 1264 [2014]; Matter of Merritt v Fischer, 108 AD3d 993, 994 [2013]).

Garry, J.P., Rose, Lynch and Clark, JJ., concur.

ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of refusing a direct order and imposed a penalty; petition granted to that extent, respondent is directed to expunge all references to this charge from petitioner's institutional record and matter remitted to respondent for an administrative redetermination of the penalty on the remaining violations; and, as so modified, confirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court