State of New York
Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:    September 15, 2016          521891
_____

In the Matter of JASON SMITH,
                    Petitioner,

        v                            MEMORANDUM AND JUDGMENT

DONALD VENETTOZZI, as Acting
    Director of Special Housing
    and Inmate Disciplinary
    Programs, et al.,
                    Respondents.
_____

Calendar Date:   August 8, 2016

Before:   McCarthy, J.P., Garry, Egan Jr., Lynch and Devine, JJ.

                    _____

        Jason Smith, New York City, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondents.

                    _____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.

        Petitioner occupied a cell in the special housing unit and, when a correction officer inspected it, he discovered that various types of graffiti, some of which were gang-related, had been written on the walls and door.  As a result, petitioner was charged in a misbehavior report with destroying state property, engaging in gang-related activities and refusing a direct order. Following a tier III disciplinary hearing, petitioner was found guilty of the charges, and the determination was affirmed on

administrative appeal.   This CPLR article 78 proceeding ensued.

Initially, respondents concede, and we agree, that that part of the determination finding petitioner guilty of refusing a direct order is not supported by substantial evidence and must be annulled (see Matter of Tafari v Annucci, 137 AD3d 1356, 1357 [2016]; Matter of Ferril v Annucci, 134 AD3d 1264, 1265 [2015]). We reach a different conclusion, however, with respect to the remainder of the determination, which is supported by substantial evidence consisting of the detailed misbehavior report, supporting documentation and hearing testimony (see Matter of Telesford v Annucci, 131 AD3d 753, 753 [2015]; Matter of Gittens v Fischer, 100 AD3d 1121, 1121 [2012]).   Nevertheless, the matter must be remitted for a redetermination of the penalty given that a loss of good time was imposed in connection with the original determination (see Matter of Tafari v Annucci, 137 AD3d at 1357; Matter of Ferril v Annucci, 134 AD3d at 1265).   Contrary to petitioner's claim, there is no indication that the hearing transcript was intentionally altered or contains significant inaudible portions that preclude meaningful review (see Matter of Allen v Venettozzi, 139 AD3d 1208, 1208-1209 [2016]; Matter of Smith v Prack, 138 AD3d 1286, 1287 [2016]).   Likewise, there is no indication that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Wilson v Annucci, 138 AD3d 1335, 1335 [2016]; Matter of Giano v Prack, 138 AD3d 1285, 1286 [2016], lv denied ___ NY3d ___ [Aug. 30, 2016]).   Petitioner's remaining contentions, to the extent that they are properly before us, have been considered and are lacking in merit.

McCarthy, J.P., Garry, Egan Jr., Lynch and Devine, JJ., concur.

ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of refusing a direct order and imposed a penalty; petition granted to that extent, respondent Commissioner of Corrections and Community Supervision is directed to expunge all references to this charge from petitioner's institutional record and matter remitted for an administrative redetermination of the penalty on the remaining violations; and, as so modified, confirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court