*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 1, 2016          522431
_____

In the Matter of BASHIR TRIGGS,
                    Petitioner,

      v

MICHAEL CAPRA, as                    MEMORANDUM AND JUDGMENT
      Superintendent of Sing Sing
      Correctional Facility,
      et al.,

                    Respondents.
_____


Calendar Date:  October 25, 2016

Before:  Peters, P.J., McCarthy, Clark, Mulvey and Aarons, JJ.

                    _____


      Bashir Triggs, Dannemora, petitioner pro se.

      Eric T. Schneiderman, Attorney General, Albany (Brian D.
Ginsburg of counsel), for respondents.

                    _____


      Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent Superintendent of Sing Sing
Correctional Facility finding petitioner guilty of violating
certain prison disciplinary rules.

      A correction officer searched petitioner's cell believing
that petitioner was in possession of a pair of sneakers that had
been worn by a visitor who came to see him.  During the search,
he recovered an altered heating element, two unauthorized cooking
items and a pair of sneakers that purportedly matched the
description of those worn by the visitor.  As a result,
petitioner was charged in a misbehavior report with smuggling,

possessing an altered item, possessing items in an unauthorized area and violating facility visiting procedures. At the tier II disciplinary hearing, he pleaded guilty to possessing an altered item and possessing items in an unauthorized area. At the conclusion of the hearing, he was found guilty of these charges, as well as smuggling, but not guilty of violating facility visiting procedures. The determination was later affirmed on administrative appeal, and this CPLR article 78 proceeding followed.

Petitioner's challenge to the sufficiency of the evidence supporting the determination is limited to that part finding him guilty of smuggling. The misbehavior report was the only evidence presented to support this finding. Significantly, the report fails to set forth any details of the visit during which the sneakers were allegedly smuggled to petitioner. In addition, it contains a description of the sneakers that was different than the one set forth on the contraband receipt.[1] Under these circumstances, we do not find that the misbehavior report constitutes substantial evidence supporting that part of the determination finding petitioner guilty of smuggling (see Matter of Haughey v LaValley, 89 AD3d 1344, 1345 [2011]), particularly given that he was found not guilty of violating facility visiting procedures (see Matter of Lashway v Fischer, 117 AD3d 1141, 1142-1143 [2014]). Nevertheless, given that a loss of good time was not imposed and petitioner has already served the penalty, the matter need not be remitted for a redetermination of the penalty on the remaining violations (see Matter of Soto v Central Off. Review Comm. of the Dept. of Corr. & Community Supervision, 118 AD3d 1229, 1231 [2014]). In view of our disposition, we need not address petitioner's remaining claims.

Peters, P.J., McCarthy, Clark, Mulvey and Aarons, JJ., concur.

_____

[1] Notably, this discrepancy was deemed harmless error on petitioner's administrative appeal.

ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of smuggling; petition granted to that extent, respondent Superintendent of Sing Sing Correctional Facility is directed to expunge all references to this charge from petitioner's institutional record; and, as so modified, confirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court